OPINION
{¶ 1} Randall Lucas appeals from the trial court's denial of his motion for return of $3,040 that was ordered forfeited after he was arrested upon various weapons charges in 1994.
 {¶ 2} Lucas was indicted by the Montgomery County Grand Jury on July 26, 1994 for two counts of carrying a concealed weapon, two counts of having weapons while under disability and one count of possession of a dangerous ordnance. Lucas was acquitted of the charges in September 1997. On October 23, 2001, the Dayton Police Department applied to the Montgomery County Common Pleas Court for an order forfeiting $34,793.53 which had been seized by the police from various individuals. The police department specifically sought forfeiture of $3,040 which had been seized from Lucas. On October 24, 2001, the Montgomery County Common Pleas Court granted the application.
 {¶ 3} On March 26, 2003, Lucas filed a motion for return of $10,706 which he contended Dayton police had seized from him. He filed the application with the common pleas judge who had presided over his criminal prosecution. Lucas then sought "summary judgment" seeking return of only $3,040. The State opposed Lucas' motion and attached the affidavit of Marcell Dezarn, an assistant county prosecutor. Dezarn stated that he mailed a letter by certified mail on August 28, 2001 to Lucas at his last known address informing him that the police had possession of his property and he should make a claim for it by September 28, 2001. Dezarn stated he also provided Lucas a similar notice by publication in the Daily Court Reporter on September 7, 2001. When the August 28, 2001 letter was returned as "unclaimed," Dezarn stated he sent another letter to Lucas' last known address by regular mail providing the identical notice.
 {¶ 4} On June 30, 2003, the trial court denied Lucas' motion for return of the $3,040 he requested. On July 21, 2003, Lucas moved for reconsideration of the trial court's decision. Attached to his motion was Lucas' affidavit in which he stated he was incarcerated in a federal correctional facility in 2001 and did not receive Dezarn's letters. He also stated his last address in Dayton was not the one listed in Dezarn's letters to him. On July 22, 2003, the trial court denied Lucas' motion to reconsider its decision. On August 7, 2003, Lucas appealed the trial court's denial of his reconsideration motion.
 {¶ 5} Lucas has filed an appellate brief and has not assigned any specific error in the trial court's judgment of July 22, 2003. We glean, however, from his brief that he argues that the trial court denied him "due process of law" when it ordered his property forfeited without providing him notice of the police department's application.
 {¶ 6} The State argues that Lucas' appeal should be dismissed because this court is without jurisdiction to entertain Lucas' appeal because the decision he appealed is a nullity. Secondly, the State argues that the civil forfeiture procedure may not be collaterally attacked via a motion to return property filed in a closed criminal prosecution.
 {¶ 7} We disagree with the State's argument that we do not have jurisdiction to entertain Lucas' appeal. Lucas timely appealed the trial court's decision to overrule his motion to reconsider. We agree that a motion to reconsider does not toll the time to appeal a final order in a civil case and is considered a nullity. See, Pitts v. Ohio Department ofTransportation (1981), 67 Ohio St.2d 378. Lucas did not timely appeal the trial court's original decision denying his motion and the trial court properly denied his reconsideration motion because such motions are procedural nullities in civil and criminal proceedings in the trial court.
 {¶ 8} We also agree with the State that a civil forfeiture entry may not be vacated by way of motion seeking return of seized property in a criminal proceeding. State v. Stephens
(Sept. 10, 2001), Stark App. 2001 CA 00157. Lucas' appeal has no merit.
 {¶ 9} The judgment of the trial court is Affirmed.
a. . . . . . . . . . .
Fain, P.J., concurs.