OPINION
{¶ 1} William Cunningham appeals from an order of the Vandalia Municipal Court, which denied his motion for relief from judgment, pursuant to Civ.R. 60(B).
 {¶ 2} On March 15, 2000, Cunningham and Bryant L. Lewis, Jr., executed an agreement to lease a 1999 Ford Mustang from a dealership. Cunningham and Bryant defaulted on their payments. Consequently, Ford Motor Credit Company ("Ford Credit") repossessed the vehicle on February 5, 2001. The car was subsequently sold for approximately $6,000. On December 16, 2002, Ford Credit initiated this litigation against Cunningham, alleging that he owed a balance of $10,796.97, which included past due payments, repossession expenses and late penalties. The record indicates that Ford Credit had previously obtained a default judgment against Lewis in the Dayton Municipal Court; that judgment remains unsatisfied.
 {¶ 3} In March 2003, Cunningham filed a motion to dismiss, claiming that Ford Credit had failed to join a necessary party, i.e., Lewis. Ford Credit responded that the Fair Debt Collection Practices Act, 15 U.S.C. § 1692i(a)(2), precluded it from suing Lewis in the Vandalia Municipal Court; that Lewis was not indispensable; that Cunningham was jointly and severally liable with Lewis, and that Cunningham had waived its argument by failing to claim in his answers that Ford Credit had failed to join an indispensable party. While this motion was pending, Ford Credit filed a motion for summary judgment, which Cunningham opposed.
 {¶ 4} On May 28, 2003, the magistrate ruled that Lewis was a necessary party. However, it agreed with Ford Credit that Lewis could not be joined. Nevertheless, based on Civ.R. 19(B), the magistrate concluded that the action could proceed against Cunningham alone. Cunningham filed objections to the magistrate's decision, and the trial court remanded to the magistrate for a hearing on the motion. On September 8, 2003, after such a hearing, the magistrate again overruled Cunningham's motion to dismiss, finding that Lewis was not a person needed for just adjudication. In the same order, the magistrate also granted Ford Credit's motion for summary judgment. The magistrate concluded that the lease agreement was not a secured transaction and that Ford Credit had established its claim against Cunningham for the unpaid balance and fees.
 {¶ 5} Objections to the magistrate's decision were due on September 22, 2003. No timely objections were filed. Accordingly, at 11:42 a.m. on September 24, 2003, the trial court entered a final judgment in favor of Ford Credit. Later that same day, Cunningham filed objections to the magistrate's decision. On September 29, 2003, the trial court overruled the objections, reasoning:
 {¶ 6} "Although Defendant avers that the Magistrate erroneously considered certain evidence, Defendant has filed no transcript of the evidentiary hearing held before the Magistrate. Further, the Defendant has submitted a purported affidavit in support of his motion, which affidavit has not been notarized. For these reasons as well as the fact that the Defendant's Objections were not timely filed, and a Final appealable Order has already been issued in this matter, said Objections are hereby DENIED."[1]
 {¶ 7} On October 31, 2003, Cunningham filed a motion, pursuant to Civ.R. 60(B), for relief from the final judgment and the order denying the objections to the magistrate's September 8, 2003, decision. On December 23, 2003, the trial court denied that motion, stating simply that "[t]he law in Ohio is clear that a Motion for Relief from Judgment may not be used by a party as a substitute for a timely appeal."
 {¶ 8} Cunningham challenges the trial court's denial of his motion for relief from judgment, raising one assignment of error on appeal.
 {¶ 9} "Did the trial court commit reversible error by denying appellant's motion for relief from judgment in not allowing objections to the magistrate's decision after appellant established a meritorious defense, excusable neglect, and timely filed a motion for relief?"
 {¶ 10} Civ.R. 60(B) provides: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment."
 {¶ 11} "To prevail on [a] motion under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec.,Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146,351 N.E.2d 113, paragraph 2 of syllabus; Covert Options, Inc. v.R.L. Young Assocs., Inc., Montgomery App. No. 20011, 2004-Ohio-67, ¶ 7. All three elements must be established, and "the test is not fulfilled if any one of the requirements is not met." Strack v. Pelton (1994), 70 Ohio St.3d 172, 174,1994-Ohio-107, 637 N.E.2d 914; Fifth Third Bank of W. Ohio v.Shepard Grain Co., Inc., Miami App. No. 2003 CA 40, 2004-Ohio-1816, ¶ 10.
 {¶ 12} Although the trial court's ruling on a Civ.R. 60(B) motion is usually subject to an abuse of discretion standard of review, we conclude that overruling a Civ.R. 60(B) motion for the reason that it is improperly used as a substitute for appeal presents an issue of law.
 {¶ 13} Although the parties focus primarily on the merits of Cunningham's Civ.R. 60(B) motion, the parties also dispute whether Cunningham's use of a Civ.R 60(B) motion was procedurally proper. Ford Credit argues that Cunningham should have filed an appeal of the trial court's denial of his motion to dismiss and of its grant of summary judgment in favor of Ford Credit, rather than relying on Civ.R. 60(B) to submit his untimely objections. The trial court applied this reasoning in overruling Cunningham's Civ.R. 60(B) motion. Cunningham has asserted that the cases relied upon by the trial court are distinguishable and that its reliance upon those cases was misplaced. Our resolution of this procedural issue is dispositive of this appeal.
 {¶ 14} It is well-established that a motion under Civ.R. 60(B) may not be used as a substitute for a direct appeal.Risner v. Cline, Champaign App. No. 2003-CA-24, 2004-Ohio-3786, citing Doe v. Trumbull Cty. Children Servs. Bd. (1986),28 Ohio St.3d 128, 502 N.E.2d 605 (Civ.R. 60(B) motion may not be based on a change in the decisional law after final judgment has been rendered). As explained by the Tenth District Court of Appeals:
 {¶ 15} "[A] motion for relief from judgment cannot be predicated upon the argument that the trial court made a mistake in rendering its decision. Chester Twp. v. Fraternal Order ofPolice (1995), 102 Ohio App.3d 404, 408, 657 N.E.2d 348. The type of mistake contemplated by Civ.R. 60(B)(1) is a mistake by a party or his legal representative, not a mistake by the trial court in its legal analysis. Antonopoulos v. Eisner (1972),30 Ohio App.2d 187, 284 N.E.2d 194; Carrabine v. Brown (Aug. 13, 1993), Geauga App. No. 92-G-1736. In order to contest the trial court's judgment dismissing his motion, appellant was required to directly appeal that judgment. Civ.R. 60(B) relief cannot be employed as a substitute for an appeal. Doe v. Trumbull Cty.Children Services Bd. (1986), 28 Ohio St.3d 128, 131,502 N.E.2d 605." Tonti v. Tonti, Franklin App. Nos. 03AP-494, 03AP-728, 2004-Ohio-2529, ¶ 130.
 {¶ 16} In our judgment, Cunningham has not attempted to circumvent the appellate process through his use of a motion for relief from judgment. Although Cunningham ultimately aims to have the trial court vacate its adoption of the magistrate's decision, he has not sought reconsideration of the trial court's ruling on his motion to dismiss and of the motion for summary judgment under the guise of a Civ.R. 60(B) motion. Rather, he has argued that his meritorious objections were not timely filed, allegedly due to his attorney's excusable mistake. In other words, he is merely seeking the opportunity to have his case re-opened and fully considered in the first instance by the trial court due to his attorney's claimed excusable neglect in not filing timely objections. Under such circumstances, a motion for relief from judgment is permissible.[2] E.g., Stamper v. Keatley,
Lawrence App. No. 04CA14, 2004-Ohio-5430, ¶ 8 (after the trial court had entered judgment without timely objections, the movant should have sought relief from judgment, pursuant to Civ.R. 60(B), rather than requesting an extension of time to file the objections); see Greenmount Mut. Hous. Corp. v. Silcox,
Montgomery App. No. 19714, 2003-Ohio-2207.
 {¶ 17} In addition, we find the cases relied upon by the trial court to be procedurally distinguishable and inapposite. Those cases are Hospodar v. Marotta (Nov. 22, 1991), Lake App. No. 91-L-10 (upon the dismissal of the appeal, the trial court decision became the law of the case, which could not be relitigated upon remand by use of a Civ.R. 60(B) motion);Pollack v. Ondak (Apr. 9, 1987), Cuyahoga App. No. 52856 (trial court did not abuse its discretion by rejecting the defendant's untimely and unsupported objections to the referee's report; even if treated as a Civ.R. 60(B) motion, the motion was properly rejected because it was unsupported); State ex. re. Abate v.Industrial Commission of Ohio, 96 Ohio St.3d 343,2002-Ohio-4796, 774 N.E.2d 1212 (motion for relief from judgment is not the appropriate vehicle to challenge the court of appeals's decision to grant the commission's motion to strike the untimely objections); Greenmount Mut. Hous. Corp. v. Silcox,
Montgomery App. No. 19714, 2003-Ohio-2207 (finding that the trial court did not abuse its discretion in overruling the defendant's Civ.R. 60(B) motion). Upon review of these cases, we find no basis to conclude that Cunningham's Civ.R. 60(B) motion was procedurally improper or was an attempt to substitute his motion for an appeal. Accordingly, we find the trial court's conclusion to the contrary (i.e., that the Civ.R. 60(B) motion was procedurally improper) to be erroneous.
 {¶ 18} Although the parties have briefed the issues of whether Cunningham's failure to file timely objections constituted excusable neglect and of whether Cunningham had a potentially meritorious defense, the trial court did not rule on the substantive merits of Cunningham's Civ.R. 60(B) motion. We decline to address the merits in the first instance, that being the province of the trial court.
 {¶ 19} The assignment of error is sustained.
 {¶ 20} The judgment of the Vandalia Municipal Court will be reversed and this case will be remanded for further proceedings consistent with this opinion, including consideration of the substantive merits of Cunningham's Civ.R. 60(B) motion. Ford Credit has conceded that Cunningham's motion for relief from judgment was timely; thus, the trial court must determine whether Cunningham has presented a potentially meritorious defense to the judgment and whether Cunningham has demonstrated excusable neglect.
Brogan, J. and Young, J., concur.
[1] Because this decision was rendered after final judgment, this ruling had no legal effect. Murray v. Goldfinger, Inc.,
Montgomery App. No. 19433, 2003-Ohio-459 ("untimely objections filed after the entry of a final judgment are tantamount to a motion for reconsideration, which is a nullity"); see Pitts v.Dept. of Transp. (1981), 67 Ohio St.2d 378, 423 N.E.2d 1105 (a motion for reconsideration of a final judgment is a nullity);State v. Lucas, Montgomery App. No. 20052, 2004-Ohio-4929
("judgments rendered on motions for reconsideration filed after a final judgment or order are themselves a `nullity.'").
[2] Parenthetically, had Cunningham appealed the judgment rather than pursued a Civ.R. 60(B) motion, our review of the trial court's adoption of the magistrate's decision would have been limited to plain error, due to Cunningham's failure to file timely objections. Civ.R. 53(E)(3)(d); Civ.R. 53(E)(4)(a); StateFarm Mut. Auto. Ins. Co. v. Doss (Feb. 16, 2001), Montgomery App. No. 18487; Group One Realty, Inc. v. Dixie Internatl. Co.
(1998), 125 Ohio App.3d 767, 709 N.E.2d 58.