OPINION
{¶ 1} Jeffrey Brown appeals from the trial court's denial of his post-conviction relief petition. Brown was convicted of two counts of felonious assault, one court of aggravated burglary with a firearm specification, and having a weapon under disability. His convictions were affirmed by this court. State v. Brown, Mont. App. 21540,2007-Ohio-2098. *Page 2 
On October 3, 2007, the Ohio Supreme Court declined to review this court's judgment. State v. Brown, 115 Ohio St.3d 1421, 2007-Ohio-5056.
 {¶ 2} On November 28, 2007, Brown filed his petition to vacate his convictions. The trial court granted the State's motion to dismiss, finding that Brown's petition was not filed timely.
 {¶ 3} In a single assignment of error, Brown argues the trial court erred in dismissing his petition. He concedes he did not file his petition within the 180-day time limit provided in R.C. 2953.21(A)(1), but he argues it was nonetheless timely under the exception of R.C. 2953.21(A)(1) pursuant to R.C. 2953.21(A)(2). Brown contends he was unavoidably prevented from discovering the evidence that would have contradicted the State's justification for applying the triple-count provisions of Ohio's Speedy Trial Statute. In support of his petition, Brown stated the following:
 {¶ 4} "8. Petitioner only discovered the facts on which he relies, in March of 2007, and April of 2007, when petitioner was remanded back to the trial court on Case No. 05-CR-1469 in March of 2007, and demanded a copy of the arrest and booking slip of March 26 27, 2005, from jail officials. See: [PcP 13d] and Exhibit [3].
 {¶ 5} "9. The facts of the case were undiscoverable because the initial charges of possession were false and were not dismissed until April 12, 2007, after the 180 day time limit had expired, pursuant to R.C. 2953.21 [A][2]. See: [PcP 13e] and Exhibit [4].
 {¶ 6} "10. The petitioner will show by clear and convincing evidence in his grounds for relief, that, but for the Constitutional errors of Ineffective Assistance of trial Counsel, Prosecutor Misconduct, and Police Misconduct at trial, no reasonable fact-finder would have found petitioner guilty of the offense of which the petitioner was *Page 3 
convicted, because the case would have been dismissed for speedy trial violation, because of the unlawful indictments of the unrelated charge of drug possession, holding petitioner in jail at the same time of the case before this court. [PcP 14].
 {¶ 7} "11. On March 26, 27, 2005, petitioner was arrested for DUI only. On May 15, 2005, petitioner was indicted for a drug possession in Case No. 05-CR-1469. On July 12, 2005, petitioner was rearrested while in custody for [2] counts of felonious assault and aggravated robbery. Petitioner filed a motion to dismiss for speedy trial violation on December 9, 2005, in both case numbers. The trial judge, in overruling the motion, stated in his facts after a hearing on the motion, that the motion was not well taken and overruled, because on March 26, 2005,defendant was arrested for possession of crack cocaine by VandaliaPolice, but was released and not held on the charge. Defendant was thenindicted on the same charge on May 15, 2005, and arrested on a warrantfor the same on May 18, 2005. (Emphasis added.) Shortly after, petitioner was tried and convicted on Case No. 05-CR-2813. See: Exhibit [9]. See: [PcP 24]."
 {¶ 8} The State argues that Brown's assignment of error should be overruled because his petition raised the same arguments he raised on appeal and Brown was not unavoidably prevented from discovering the facts he alleges in his petition.
 {¶ 9} R.C. 2953.23(A) sets forth the circumstances under which a trial court may consider a petition for a post-conviction relief regardless of its untimeliness. In its entirety, it states as follows:
 {¶ 10} "Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the *Page 4 
expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
 {¶ 11} "(1) Either of the following applies:
 {¶ 12} "(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 {¶ 13} "(b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 14} "(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."
 {¶ 15} We fail to see how the trial court's apparent misstatement that Brown was arrested on March 26, 2005 for possession of crack cocaine rather than DUI harmed him in any way. In our previous appellate opinion, which overruled Brown's claim that he was denied a speedy trial, we noted that Brown was arrested for possession of crack cocaine on May 18, 2005 and that he remained in jail thereafter, and therefore the triple-count provisions of R.C. 2945.71(E) did not apply to the charges of which Brown was convicted. The trial court properly overruled Brown's post-conviction petition because he *Page 5 
failed to demonstrate that his constitutional rights under the Ohio or United States Constitutions have been violated such as to render his conviction void or voidable. See R.C. 2953.21(A)(1)(a). Brown's assignment of error is Overruled.
 {¶ 16} The judgment of the trial court is Affirmed.
FAIN and GRADY, JJ., concur. *Page 1