[Cite as *State v. Brown*, 2012-Ohio-2793.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 24906 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2005-CR-2813 |
| v. | : | |
| | : | |
| JEFFREY ANTONIO BROWN | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 22nd day of June, 2012.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by JOHNNA M. SHIA, Atty. Reg. #0084705, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
     Attorney for Plaintiff-Appellee

JEFFREY ANTONIO BROWN, #517-264, Ross Correctional Institution, Post Office Box 7010, Chillicothe, Ohio 45601
     Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

**{¶ 1}** Jeffrey Antonio Brown appeals pro se from the trial court's October 26, 2011 decision, order, and entry denying a motion for reconsideration.

**{¶ 2}** The record reflects that Brown filed a motion for reconsideration on August 1, 2011. The motion for reconsideration was filed less than four months after the trial court's April 18, 2011 Decision, Order and Entry denying the defendant's "Motion for Speedy Trial Violations, Speedy Sentencing Violation, and Lack of Final Appealable Order originally filed January 18, 2011."[1] (Doc. #8). Because the defendant has repeatedly renewed the speedy- trial issue in various forms[2], and apparently due to the timing of the August 1, 2012 "Motion for Reconsideration," the trial court's October 26, 2011decision denying reconsideration dealt with the speedy-trial issue raised in defendant's January 2011 motion. Actually, the August 9, 2011 motion for reconsideration was seeking reconsideration of the December 9, 2005 motion to dismiss on speedy-trial grounds. Brown argued that the trial court's denial of the December 9, 2005 motion to dismiss for an alleged speedy-trial violation remained an interlocutory ruling and, therefore, was subject to reconsideration despite the passage of nearly six years. He further argued that no "final judgment" had yet been rendered in the case. (Doc.

---

[1] The motion actually had been filed on January 28, 2011.

[2] The trial court overruled the December 9, 2005 motion to dismiss on speedy-trial grounds in a decision filed February 2, 2006. The defendant raised the issue in his direct appeal. On April 27, 2007, this court affirmed the trial court. (Montgomery App. No. 21540). On November 28, 2007, the defendant filed a petition for postconviction relief which argued a speedy trial violation. The defendant appealed the trial court's denial of the petition (Montgomery App. No. 22645). This court affirmed the denial of that petition on March 13, 2009. The electronic docket reveals that on May 8, 2012, the defendant has again filed in the trial court a Motion for Reconsideration of the denial of his December 9, 2005 Motion to Dismiss on speedy trial grounds.

#6, Aug. 1, 2011 motion for reconsideration at 1-3). Nonetheless, the January 28, 2011 motion and the August 9, 2011 motion deal with the same issue.

{¶ 3}   In its October 26, 2011 ruling, the trial court stated that Brown sought reconsideration of its denial of his January 2011 motion.  The trial court then addressed the merits of his motion. It found that his March 9, 2006 judgment of conviction and sentencing entry was a final order despite its failure to set forth the manner of his conviction. The trial court rejected his argument that its prior rulings remained interlocutory and that no final judgment existed. Finally, the trial court concluded that res judicata barred Brown from continuing to pursue a speedy-trial argument. This appeal followed.[3]

{¶ 4}   In his sole assignment of error, Brown contends "the trial court erred when it denied Appellant Due Process of Law when it refused to reconsider a decision based upon a motion other than the motion sub judice."

{¶ 5}   The crux of Brown's argument is that the trial court's October 26, 2011 ruling addressed the wrong motion. As set forth above, he moved on August 1, 2011, for reconsideration of the denial of a *December 9, 2005* motion to dismiss. In denying Brown's motion, the trial court incorrectly stated that he sought reconsideration of its denial of a January 28, 2011, motion. Although Brown did file a motion on January 28, 2011, and the trial court did deny such a motion, the January 28, 2011 motion was not the subject of Brown's August 1, 2011 motion for reconsideration. Thus, we agree with Brown that although

---

[3]On April 10, 2012, this court filed a decision and entry overruling the State's motion to dismiss the present appeal on the basis that a motion for reconsideration of a final judgment is a nullity. Citing *State v. Lucas*, 2d Dist. Montgomery No. 20052, 2004-Ohio-4929, ¶ 7, this court reasoned: "Despite the fact that a motion to reconsider may be a nullity and does not toll the time to file a notice of appeal from a final order, this Court is not divested of jurisdiction to entertain Brown's appeal."

the trial court's reconsideration ruling addressed the same speedy trial issue, it referred to the wrong motion.

{¶ 6}    Despite the foregoing conclusion, we find no reversible error because Brown was not prejudiced by the trial court's ruling. After the trial court denied his December 9, 2005 motion to dismiss, his case proceeded to trial. A jury convicted him of various felony charges. The trial court sentenced him accordingly. This court affirmed on appeal,  rejecting, among other things, a speedy-trial argument. *State v. Brown*, 2d Dist. Montgomery No. 21540, 2007-Ohio-2098. This court also affirmed the denial of post-conviction relief. *State v. Brown*, 2d Dist. Montgomery No. 22645, 2009-Ohio-1274.

{¶ 7}    Contrary to Brown's argument, the March 9, 2006 judgment of conviction and sentencing entry in this case was a valid final judgment despite its failure to recite the manner of his conviction. *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, ¶ 14-16. Therefore, the trial court's denial of his December 9, 2005 motion to dismiss on speedy-trial grounds was not an interlocutory ruling and was not subject to "reconsideration." Once a final judgment was entered in this case, the trial court lost the ability to reconsider its ruling on Brown's December 9, 2005 motion to dismiss. Moreover, the August 1, 2011 motion for reconsideration itself was a nullity. *State v. Lucas*, 2d Dist. Montgomery No. 20052, 2004-Ohio-4929, ¶ 7. As a result, Brown could not have been prejudiced by the fact that the trial court's ruling addressed another motion. The court could not reconsider either.

{¶ 8}    Brown's assignment of error is overruled, and the judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

GRADY, P.J., and DONOVAN, J., concur.


Copies mailed to:

Mathias H. Heck
Johnna M. Shia
Jeffrey Antonio Brown
Hon. Mary L. Wiseman