[Cite as *State v. Brown*, 2014-Ohio-2551.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY   COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No.   25653 |
| | : | |
| v. | : | Trial Court Case No. 2005-CR-2813 |
| | : | |
| JEFFREY A. BROWN | : | (Criminal Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 13th day of June, 2014.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by KIRSTEN A. BRANDT, Atty. Reg. #0070162, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

JEFFREY ANTONIO BROWN, Inmate #A517-264, L.O.C.I., P.O. Box 69, London, Ohio 43140
        Defendant-Appellant-pro se

. . . . . . . . . . . . .

WRIGHT, J.

{¶ 1}    Jeffrey Antonio Brown appeals pro se from the trial court's denial of his motion

to vacate its March 9, 2006 sentencing entry on the basis that post-release control was improperly imposed.

{¶ 2} The underlying case began in August 2005 when a three-count indictment was returned against Brown. Four months later, a grand jury issued a new seven-count indictment regarding the same underlying facts, and the original indictment was dismissed. However, while both indictments were pending, Brown moved to dismiss all charges, alleging a speedy-trial violation. In February 2006, the trial court overruled the motion, and a jury trial commenced.

{¶ 3} Ultimately, Brown was convicted of two felonious assaults, aggravated burglary, possessing weapons while under a disability, and three firearm specifications. After a separate sentencing hearing, the trial court imposed an aggregate prison term of nineteen years. During the hearing, the trial court expressly advised Brown that once he completed the prison term he would be subject to supervision by the parole board under a term of post-release control. The trial court did not orally state the duration of his post-release control. In its final sentencing entry of March 9, 2006, though, the trial court correctly stated that the duration of post-release control would be five years.

{¶ 4} Brown pursued a direct appeal. In *State v. Brown*, 2d Dist. Montgomery No. 21540, 2007-Ohio-2098, this court upheld the conviction and sentence. Thereafter, Brown filed two post-judgment submissions with the trial court over the ensuing four years: a petition for post-conviction relief and a motion for reconsideration. In both submissions, he essentially attempted to re-argue the merits of a speedy-trial issue that had been resolved on direct appeal. As part of the motion to reconsider, he asserted that the trial court's decision on his motion to dismiss could be reviewed again because no proper final judgment had been rendered. In support,

he contended that the March 9, 2006 sentencing entry was not final because it failed to recite the manner of conviction. In relation to each submission, this court affirmed the trial court's denial of relief. *See State v. Brown*, 2d Dist. Montgomery No. 22645, 2009-Ohio-1274; *State v. Brown*, 2d Dist. Montgomery No. 24906, 2012-Ohio-2793. In the latter opinion, we specifically held that the trial court's speedy-trial determination was not subject to further consideration because the March 9, 2006 sentencing entry was a final appealable order.

{¶ 5}　On May 3, 2012, Brown filed a third post-judgment submission before the trial court. Therein, he sought either vacation of the March 9, 2006 sentencing entry or correction of a clerical error in the entry. In support of both prongs of the motion, he contended that, by failing to inform him of the duration of post-release control at sentencing, the trial court did not satisfy the "notice" requirements under R.C. 2929.19(B)(3). According to Brown, this had the effect of rendering his entire sentence illegal; thus, the trial court was obligated either to declare the sentencing entry void or to correct the "error" in the entry by deleting the five-year term of post-release control.

{¶ 6}　In conjunction with the foregoing submission, Brown again moved the trial court to reconsider its February 2006 decision overruling his motion to dismiss for lack of a speedy trial. This time, he argued that the ruling on the dismissal motion remained interlocutory because the existing sentencing entry was void as a result of the illegal sentence on post-release control.

{¶ 7}　The State did not respond to either of Brown's new submissions. In February 2013, the trial court rendered a new judgment overruling the motion to vacate/correct and the motion for reconsideration. As to the motion to vacate the March 9, 2006 sentencing entry, the judgment contained a lengthy discussion concerning the proper imposition of post-release control

and the timeliness of a post-conviction petition under R.C. 2953.21. At the close of the judgment, however, the trial court did not indicate the reason for its decision.

{¶ 8} In challenging the trial court's most recent decision, Brown raises the following three assignments of error:

{¶ 9} "[1.] The trial court erred, abused its discretion, and deprived Mr. Brown of his state and federal rights to due process and equal protection when it improperly construed Mr. Brown's motion to correct clerical error, as a post-conviction relief petition when a clerical error may be corrected by the trial court at any time under Crim.R. 36."

{¶ 10} "[2.] The trial court abused its discretion, committed reversible error and deprived Mr. Brown of his state and federal right to liberty, when it improperly construed Mr. Brown's motion to vacate void judgment where sentence is contrary to law, as a petition for post-conviction relief, when a void judgment can be attacked at any time."

{¶ 11} "[3.] The trial court erred, abused its discretion, and deprived Mr. Brown of procedural due process and equal protection of the law, when it denied Mr. Brown's motion for reconsideration of the court's decision and order overruling defendant's motion to dismiss filed on December 9, 2005, when it construed Brown's motion as a petition for post-conviction relief and denied it, where a sentence remains to be imposed, in order for the judgment of conviction/termination entry to be a valid final appealable order."

{¶ 12} As a means of analysis, we turn first to Brown's second assignment of error. There he essentially restates the grounds for his motion to vacate the March 9, 2006 sentencing entry in the underlying action. Again, he submits that the entry is void because he did not receive oral notification of the duration of post-release control. According to him, even if the sentencing

entry recites the length of post-release control, that aspect of his sentence remains illegal and unenforceable because the trial court did not mention the number of years at sentencing.

{¶ 13}   Upon review, we find Brown's argument to be persuasive. At all relevant times, R.C. 2929.19 has obligated a trial court to inform a defendant at sentencing that he "will be supervised under section 2967.28 of the Revised Code" upon his release from prison.[1] In turn, R.C. 2967.28 subjected Brown to a mandatory term of five years of post-release control. The question is whether the obligation to advise a defendant at sentencing that he will be supervised under R.C. 2967.28 obligates a trial court to tell him what supervision under R.C. 2967.28 means. The Ohio Supreme Court, this court, and other appellate districts have answered this question in the affirmative.

{¶ 14}   In *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, the Ohio Supreme Court reasoned:

> *Here, although mandatory postrelease control terms of five and three years applied, the trial court advised Barnes at the sentencing hearing, "[Y]ou will now be subject to Post Release Control pursuant to Ohio Revised Code 2967.28. * * *." However, the trial court failed to state the length of the postrelease control term.* Additionally, in its nunc pro tunc entry, the court erroneously stated that Barnes "may be supervised under post release control R.C. 2967.28." * * * The trial court also stated that "if the Defendant violates the terms of the post-release control, the Defendant could receive an additional prison term

---

[1]At the time of Brown's March 2006 sentencing, this requirement was found in R.C. 2929.19(B)(3)(c). The requirement now is found in R.C. 2929.19(B)(2)(c).

not to exceed 50 percent of his original prison term," but again failed to state the length of the postrelease control term. Thus, the court failed to satisfy the most basic requirement of * * * our existing precedent—*that it notify the offender of the mandatory nature of the term of postrelease control and the length of that mandatory term* and incorporate that notification into its entry.

(Emphasis added) *Id.* at ¶ 69.

{¶ 15} In *State v. Terry*, 2d Dist. Darke No. 09CA0005, 2010-Ohio-5391, this court likewise stated:

* * * A trial court is required to notify the offender at the sentencing hearing about post-release control, and is further required to incorporate the specifics of that notice into its judgment of conviction setting forth the sentence the court imposed. * * *

In denying Defendant's motion for resentencing, the trial court acknowledged that it had failed to state the length of the term of discretionary post-release control that applied in this case, but the court stated: "talismanic incantations are not necessary." However, among the most basic requirements of postrelease control notification per R.C. 2967.28 and the Ohio Supreme Court's existing precedent is that the court must both notify the offender of the length of the term of post-release control that applies to his conviction(s) and incorporate that notification into its journalized judgment of conviction pursuant to Crim.R. 32(C). *State v. Bloomer*, 122 Ohio St.3d 200, 909 N.E.2d 1254, 2009-Ohio-2462, at ¶ 69. Both are necessary in order to authorize the parole board to exercise the

authority that R.C. 2967.28 confers on that agency.

*Id.* at ¶ 14-15; *see* also *State v. Murray*, 2012-Ohio-4996, 979 N.E.2d 831, ¶ 22 (6th Dist.) ("Appellant was sentenced in 2005 to two years of imprisonment for his conviction of two counts of gross sexual imposition, felonies of the third degree. At that time, the court was required to inform appellant, at the sentencing hearing, he would be subject to postrelease-control supervision under R.C. 2967.28 for a five-year period after he left prison."), reconsideration granted on other grounds in *State v. Murray*, 6th Dist. Lucas No. L-10-1059, 2013-Ohio-133; *State v. Lopez*, 1st Dist. Hamilton Nos. C-120436, C-120555, 2013-Ohio-4141, ¶10 ("The postrelease-control statutes in effect in 2005, when Lopez was sentenced, required that, with respect to each offense, a sentencing court notify the offender, both at the sentencing hearing and in the judgment of conviction, of the length * * * of postrelease control[.]"); *State v. Edwards*, 2012-Ohio-4685, 979 N.E.2d 1, ¶ 9 (4th Dist.) ("The trial court must inform the offender of and include in its sentencing entry two basic facts: the length of the term of postrelease control and whether such postrelease control is mandatory."); *State v. Perry*, 12th Dist. Butler Nos. CA2011-01-008, CA2011-02-017, 2011-Ohio-3637, ¶ 14 ("[B]ecause it affects appellant's substantial rights, we sua sponte address the trial court's failure to notify appellant at the 2007 sentencing hearing of the length of the term of discretionary postrelease control, even though neither party raised the issue on appeal").

{¶ 16} Based on the foregoing authority, we conclude that the trial court erred in failing to advise Brown at sentencing that he faced five years of post-release control. In light of that determination, the remaining issues are (1) whether he can raise the error now and (2) what effect it had on his sentence.

{¶ 17}   Brown was entitled to raise the post-release control error in his May 2012 motion because, under existing Ohio Supreme Court precedent, the failure to advise him of the duration of post-release control at sentencing rendered the post-release control portion of his sentence void. We reach this conclusion based largely on *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, and cases cited therein. In *Qualls*, the defendant received statutorily compliant post-release control notice at his sentencing hearing. The problem was that the judgment entry contained no mention of post-release control. *Id.* at ¶ 4, 10. Under these circumstances, the Ohio Supreme Court concluded that a nunc pro tunc entry could be used to correct the judgment entry. *Id.* at ¶ 15.

{¶ 18}   *Qualls* is significant, however, because it distinguished the circumstances in that case (proper notice at sentencing followed by a defective judgment entry) from the circumstances in Brown's case (defective notice at sentencing followed by a proper judgment entry). The *Qualls* court recognized that "to fulfill the requirements of the post-release control sentencing statutes, especially R.C. 2929.19(B) and 2967.28, a trial court must provide statutorily compliant notification to a defendant regarding postrelease control at the time of sentencing, *including notifying the defendant of the details of the post release control * * *.*"[2] (Emphasis added) *Id.* at ¶ 18. The *Qualls* court explained that the "main focus in interpreting the sentencing statutes regarding postrelease control has always been on the notification itself and not on the sentencing entry." *Id.* at ¶ 19.

{¶ 19}   The *Qualls* court then noted that a nunc pro tunc entry could not be used where the notification given at sentencing did not comply with the statutory requirements. *Id.* at ¶ 20. In

---

[2] Pursuant to *Bloomer*, *supra*, these "details" would include notice about the length of post-release control.

fact, a new sentencing hearing is required in such a case because the post-release control aspect of the sentence is "void." As the *Qualls* court explained:

> Here, where notification was properly given at the sentencing hearing, there is no substantive prejudice to a defendant if the sentencing entry's failure to mention postrelease control is remedied through a nunc pro tunc entry. *Our precedents requiring a new sentencing hearing (either de novo or limited) to correctly impose postrelease control do not apply to this situation. The rationale underlying those decisions is that a sentence that does not properly impose postrelease control is void, and a remand for a new sentencing hearing is necessary, because the trial court's erroneous imposition of postrelease control must be corrected in a new hearing at which the defendant is present to receive notification that complies with the statutes. See*, *e.g.*, *Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, at ¶ 17 and 23.

(Emphasis added) *Id.* at ¶ 23.[3]

{¶ 20}  In short, based on *Bloomer* and *Terry*, the trial court erred in failing to advise Brown at sentencing that he faced five years of post-release control. Based on *Qualls* and the cases cited therein, the trial court's failure to provide statutorily-compliant notice at the sentencing hearing, including the details of post-release control, rendered the post-release control aspect of Brown's sentence void. It is axiomatic that a void sentence can be challenged anytime and that res judicata does not apply. *State v. Dean*, 2d Dist. Champaign No. 2013-CA-17,

---

[3] *See also State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, ¶ 14 (citing *Jordan* and recognizing that a sentence imposed without statutorily required notice of post-release control at the sentencing hearing is "void").

2014-Ohio-50, ¶ 20.

{¶ 21} Contrary to Brown's argument below and on appeal, however, his entire judgment entry of conviction and sentence is not void. Even though he was sentenced before R.C. 2929.191 became effective, only the post-release control portion of his sentence is void. That aspect of his sentence can be corrected anytime because he remains incarcerated "without having to re-visit other aspects of the sentence." *State v. Reid*, 2d Dist. Montgomery No. 24841, 2012-Ohio-2666, ¶ 20-21. Brown is entitled only to a limited re-sentencing to correct the imposition of post-release control. *Id.* at ¶ 9.

{¶ 22} As a separate argument under his second assignment of error, Brown contends the March 9, 2006 sentencing entry did not constitute a final order because the trial court only imposed post-release control for aggravated burglary, a first-degree felony. He maintains the trial court also was obligated to impose separate terms for each of the other three offenses of conviction.

{¶ 23} We disagree. Pursuant to R.C. 2967.28(F)(4)(c), if a defendant may be subject to multiple terms of post-release control, "the period of post-release control for all of the sentences shall be the period of post-release that expires last, as determined by the parole board or court. Periods of post-release control shall be served concurrently and shall not be imposed consecutively to each other." In light of this statutory language, Ohio appellate courts have held that trial courts are permitted only to impose one term of post-release control even when the defendant has been convicted of multiple felony offenses. *See State v. Orr*, 8th Dist. Cuyahoga No. 96377, 2011-Ohio-6269, ¶ 50; *State v. Reed*, 2012-Ohio-5983, 983 N.E.2d 394, ¶ 12 (6th Dist.). Therefore, in ordering the imposition of a five-year post-release control term in the March

9, 2006 sentencing entry, the trial court had no obligation to impose shorter terms for the remaining three offenses.

{¶ 24} Taken as a whole, the sentencing entry disposed of all pending matters in the underlying criminal case as of March 2006; hence, it constituted a final appealable order. As set forth above, however, the trial court's failure to advise Brown of the duration of post-release control at sentencing rendered the post-release control aspect of his sentence void. Accordingly, Brown's second assignment of error is sustained in part and overruled in part.

{¶ 25} In his first assignment of error, Brown claims the trial court erred in treating his motion to correct a clerical error in the sentencing entry as a post-conviction relief petition. This argument lacks merit because there was no error in the sentencing entry. Brown claims the entry should not have referred to a five-year term of post-release control because the duration of post-release control was not mentioned at sentencing. We disagree. The error occurred at the sentencing hearing, not in the sentencing entry, which correctly imposed a mandatory five-year term. Thus, even if the trial court should have treated Brown's request to correct a clerical error as a viable motion, he simply was not entitled to the requested relief.

{¶ 26} In his third assignment of error, Brown contends the trial court erred in not addressing the merits of his separate motion to reconsider its decision denying his motion to dismiss on speedy-trial grounds. However, in order for the December 2005 ruling on the speedy-trial motion to be subject to reconsideration, it would have to be interlocutory. In light of our holding that the March 9, 2006 sentencing entry was a final appealable order, the speedy-trial determination was not interlocutory. In addition, the merits of the speedy-trial decision were fully reviewed and upheld on direct appeal. *See Brown*, 2007-Ohio-2098, at ¶ 10-13. Res judicata

bars further review of the issue. *See Brown*, 2012-Ohio-2793, at ¶ 7. Because the trial court properly disposed of the motion to reconsider, the third assignment of error lacks merit.

{¶ 27} The order of the trial court from which this appeal was taken is affirmed in part, reversed in part, and the cause is remanded to the trial court for a limited re-sentencing to correct the imposition of post-release control consistent with the opinion.

. . . . . . . . . . . . .

FAIN and HALL, JJ., concur.

(Hon. Thomas R. Wright, Eleventh District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Mathias H. Heck
Kirsten A. Brandt
Jeffrey Antonio Brown
Hon. Mary Lynn Wiseman