[Cite as *State v. Brown*, 2015-Ohio-3912.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 26320 |
| | : | |
| v. | : | T.C. NO. 05CR2813 |
| | : | |
| JEFFREY A. BROWN | : | (Criminal appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the ___25th___ day of ___September_____, 2015.

. . . . . . . . . . .

ANDREW T. FRENCH, Atty, Reg. No. 0069384, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

JEFFREY T. GRAMZA, Atty. Reg. No. 0053392, Talbott Tower, Suite 1210, 131 N. Ludlow Street, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Jeffrey A. Brown appeals the trial court's imposition of a five-year term of post-release control (PRC) at a resentencing hearing held on July 11, 2014. An amended judgment entry of conviction containing the correct PRC term was

issued on July 15, 2014. On July 21, 2014, the trial court issued an "Order and Entry Memorializing Correction of Verbal Post Release Control Advisement." Brown filed a timely notice of appeal with this Court on July 22, 2014.

{¶ 2} We set forth the history of the case in *State v. Brown*, 2d Dist. Montgomery No. 25653, 2014-Ohio-2551 (hereinafter "*Brown I*"), and repeat it herein in pertinent part:

The underlying case began in August 2005 when a three-count indictment was returned against Brown. Four months later, a grand jury issued a new seven-count indictment regarding the same underlying facts, and the original indictment was dismissed. However, while both indictments were pending, Brown moved to dismiss all charges, alleging a speedy-trial violation. In February 2006, the trial court overruled the motion, and a jury trial commenced.

Ultimately, Brown was convicted of two felonious assaults, aggravated burglary, possessing weapons while under a disability, and three firearm specifications. After a separate sentencing hearing, the trial court imposed an aggregate prison term of nineteen years. During the hearing, the trial court expressly advised Brown that once he completed the prison term he would be subject to supervision by the parole board under a term of post-release control. The trial court did not orally state the duration of his post-release control. In its final sentencing entry of March 9, 2006, though, the trial court correctly stated that the duration of post-release control would be five years.

Brown pursued a direct appeal. In *State v. Brown*, 2d Dist.

Montgomery No. 21540, 2007-Ohio-2098, this court upheld the conviction and sentence. Thereafter, Brown filed two post-judgment submissions with the trial court over the ensuing four years: a petition for post-conviction relief and a motion for reconsideration. In both submissions, he essentially attempted to re-argue the merits of a speedy-trial issue that had been resolved on direct appeal. As part of the motion to reconsider, he asserted that the trial court's decision on his motion to dismiss could be reviewed again because no proper final judgment had been rendered. In support, he contended that the March 9, 2006 sentencing entry was not final because it failed to recite the manner of conviction. In relation to each submission, this court affirmed the trial court's denial of relief. *See State v. Brown*, 2d Dist. Montgomery No. 22645, 2009-Ohio-1274; *State v. Brown*, 2d Dist. Montgomery No. 24906, 2012-Ohio-2793. In the latter opinion, we specifically held that the trial court's speedy-trial determination was not subject to further consideration because the March 9, 2006 sentencing entry was a final appealable order.

On May 3, 2012, Brown filed a third post-judgment submission before the trial court. Therein, he sought either vacation of the March 9, 2006 sentencing entry or correction of a clerical error in the entry. In support of both prongs of the motion, he contended that, by failing to inform him of the duration of post-release control at sentencing, the trial court did not satisfy the "notice" requirements under R.C. 2929.19(B)(3). According to Brown, this had the effect of rendering his entire sentence illegal; thus, the trial court

was obligated either to declare the sentencing entry void or to correct the "error" in the entry by deleting the five-year term of post-release control.

*Id.*, ¶s 2-5.

{¶ 3} In *Brown I*, we found that the trial court erred by not orally informing Brown at his original sentencing that he was subject to five years of PRC. *Id.* at ¶ 16. We further found that "[c]ontrary to Brown's argument below and on appeal, however, his entire judgment entry of conviction and sentence is not void[;] *** only the post-release control portion of his sentence is void." *Id.* at ¶ 21. Accordingly, we found that Brown "was only entitled to a limited re-sentencing to correct the imposition of [PRC]," and we remanded the case to the trial court for that purpose. *Id.*

{¶ 4} Thereafter, on July 11, 2014, the trial court held a resentencing hearing in order to correct Brown's PRC term. Brown appeared at the hearing via video conferencing from the London Correctional Institution. Brown objected to not being physically present at the resentencing hearing, but the trial court overruled his objection. The trial court then verbally advised him of his mandatory term of five years of PRC. As previously mentioned, the trial court issued an amended termination entry on July 15, 2014. Shortly thereafter on July 21, 2014, the trial court issued an entry in which it noted that Brown had been verbally advised of his five-year PRC term.

{¶ 5} It is from this judgment that Brown now appeals.

{¶ 6} Brown's first assignment of error is as follows:

{¶ 7} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DENIED APPELLANT'S REQUEST TO BE CONVEYED FOR THE RESENTENCING HEARING AND WHEN IT OVERRULED APPELLANT'S OBJECTION TO THE

HEARING PROCEEDING WITH APPELLANT PARTICIPATING VIA VIDEO CONFERENCE."

{¶ 8} In his first assignment, Brown contends that the trial court erred in resentencing him via video conferencing and refusing to allow him to be physically present at the hearing pursuant to Crim.R. 43.

{¶ 9} Brown is subject to the sentencing correction procedures set forth in R.C. 2929.191. These provisions establish a procedure to remedy a sentence that fails to properly impose a term of postrelease control. The court must hold a hearing before issuing a corrected sentencing entry. In pertinent part, R.C. 2929.191(C) provides as follows:

Before a court holds a hearing pursuant to this division, the court shall provide notice of the date, time, place, and purpose of the hearing to the offender who is the subject of the hearing, the prosecuting attorney of the county, and the department of rehabilitation and correction. The offender has the right to be physically present at the hearing, except that, upon the court's own motion or the motion of the offender or the prosecuting attorney, the court may permit the offender to appear at the hearing by video conferencing equipment if available and compatible. An appearance by video conferencing equipment pursuant to this division has the same force and effect as if the offender were physically present at the hearing. * * *

{¶ 10} A criminal defendant has a fundamental right to be present at all critical stages of his criminal trial. *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, 892 N.E.2d 864, ¶ 100; Sixth and Fourteenth Amendments to the United States Constitution;

Ohio Constitution, Article I, Section 10. "However, a criminal defendant's absence does not necessarily result in prejudicial or constitutional error." *State v. Davis*, 116 Ohio St.3d 404, 2008-Ohio-2, 880 N.E.2d 31, ¶ 90. The presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence. *Id.* at ¶ 90; *Snyder v. Massachusetts*, 291 U.S. 97, 107-108, 54 S.Ct. 330, 78 L.Ed. 674 (1934), *overruled on other grounds*, *Malloy v. Hogan*, 378 U.S. 1, 2, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964), fn. 1. Therefore, a defendant's absence in violation of Crim.R. 43(A) can constitute harmless error where he suffered no prejudice, even though such absence was improper. *State v. Morton*, 10th Dist. Franklin No. 10AP-562, 2011-Ohio-1488, ¶ 18; *State v. Morris*, 10th Dist. Franklin No. 10AP-512, 2011-Ohio-5484, ¶ 15.

{¶ 11} In *State v. Al-Mosawi*, 2d Dist. Montgomery No. 24633, 2012-Ohio-3385, we found that any error in regard to the defendant's physical presence at the hearing was clearly harmless. *Id.* at ¶ 19. Specifically, we noted that the defendant's five-year term of PRC ordered by the court was mandatory, and he spoke with his attorney privately before the court went on the record to re-impose PRC. We also noted that the defendant did not ask to speak with counsel again in response to anything that transpired at the hearing. Furthermore, trial counsel addressed the court on the defendant's behalf regarding sentencing, and the defendant was also allowed to address the court. Accordingly, we found that the defendant was not prejudiced by the trial court's decision to resentence him via video conferencing. *See also State v. Jones*, 2d Dist. Greene No. 2012 CA 8, 2012-Ohio-4446 (holding that the defendant was not denied his constitutional rights, including the effective assistance of counsel, when he was resentenced to post-release control via video conferencing).

{¶ 12} In the instant case, we find that no prejudice resulted from the trial court's decision to conduct the resentencing hearing with Brown via video conferencing. Brown's PRC term of five years was mandatory. Brown's attorney was in the courtroom during the hearing, while Brown was present via video conferencing. Moreover, the record establishes that both before and during the hearing, Brown was afforded the opportunity to speak with his attorney privately. Specifically, during the hearing, Brown requested permission to consult with his attorney privately. Thereafter, the trial court took a recess, cleared the courtroom, and permitted Brown to speak with his attorney in private. At no point did Brown give any indication that he was unable to hear or understand the proceedings. Nothing in the record indicates that any additional information could have been submitted on Brown's behalf or that his physical presence at the hearing would have affected the outcome of the hearing.

{¶ 13} Brown's first assignment of error is overruled.

**Supplemental Assignments of Error**

{¶ 14} After filing his initial appellate brief with this Court, we granted Brown leave to supplement his brief in an order issued on March 20, 2015. Brown subsequently filed his supplemental brief on April 17, 2015, containing the following two additional assignments of error.

{¶ 15} Brown's first supplemental assignment of error is as follows:

{¶ 16} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN ITS TERMINATION ENTRY, FILED ON MARCH 9, 2006; SAID ENTRY VIOLATED BOTH OHIO AND FEDERAL CRIMINAL RULE 43(A), AS THE FIVE-YEAR PERIOD OF POST-RELEASE CONTROL REFLECTED IN THE ENTRY WAS NOT PRONOUNCED IN THE

PRESENCE OF APPELLANT AT HIS ORIGINAL SENTENCING."

{¶ 17} In his first supplemental assignment, Brown argues that his original termination entry issued on March 9, 2006, was void and not a final appealable order because the trial court failed to properly advise of the length of his mandatory PRC. As previously stated, however, this very issue was addressed and resolved by this Court in *Brown I*, wherein we found that "[c]ontrary to Brown's argument below and on appeal, however, his entire judgment entry of conviction and sentence is not void[;] *** only the post-release control portion of his sentence is void." *Id.* at ¶ 21.

{¶ 18} The principle of "[r]es judicata may be applied to bar further litigation of issues that were raised previously or could have been raised previously in an appeal." *State v. Houston*, 73 Ohio St.3d 346, 347, 652 N.E.2d 1018 (1995), citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). Since we have already determined that only the PRC portion of Brown's original termination entry was void in *Brown I*, his first supplemental assignment of error is barred by res judicata, and therefore without merit.

{¶ 19} Brown's first supplemental assignment of error is overruled.

{¶ 20} Brown's second supplemental assignment of error is as follows:

{¶ 21} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT IMPOSED POST-RELEASE CONTROL WITHOUT CONDUCTING A DE NOVO SENTENCING HEARING MANDATED BY DECISIONS OF THE OHIO SUPREME COURT, AND THEREBY VIOLATING APPELLANT'S STATE AND FEDERAL RIGHTS TO DUE PROCESS AND EQUAL PROTECTION OF THE LAW."

{¶ 22} In his second supplemental assignment, Brown reiterates his argument that the trial court erred by limiting his resentencing hearing to the correction of the imposition

of his mandatory PRC and failing to conduct a de novo sentencing hearing.

{¶ 23} However, Brown's resentencing hearing was for the limited purpose of correcting a defect in the imposition of post-release control. It is well established that when a trial court errs in imposing a term of post-release control at sentencing, "that part of the sentence is void and must be set aside." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 26. "[O]nly the offending portion of the sentence is subject to review and correction." *Id.* at ¶ 27. Where post-release control has been improperly imposed, res judicata applies to all other aspects of the conviction and sentence, including the determination of guilt and the lawful elements of the sentence. *Id.* at ¶ 34. *See also State v. Wilson*, 2d Dist. Montgomery Nos. 24461, 24496, 24501, 2012-Ohio-1660, ¶ 19. The case upon which Brown relies, *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, was overruled by *Fischer*. Thus, no issues other than post-release control were subject to review by the trial court at Brown's resentencing hearing, and the trial court correctly limited the resentencing to this aspect of disposition and was not required to conduct a de novo hearing in all other respects.

{¶ 24} Brown's second supplemental assignment of error is overruled.

{¶ 25} All of Brown's assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . .

FAIN, J. and WELBAUM, J., concur.

Copies mailed to:

Andrew T. French
Jeffrey T. Gramza
Hon. Mary L. Wiseman