[Cite as *State v. Morris*, 2012-Ohio-2498.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   97215

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## PHILLIP MORRIS

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-546604

**BEFORE:**   E. Gallagher, J., Celebrezze, P.J., and Cooney, J.

**RELEASED AND JOURNALIZED:**   June 7, 2012

**ATTORNEY FOR APPELLANT**

Ruth Fischbein-Cohen
3552 Severn Road
Suite 613
Cleveland Hts., Ohio   44118


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:    Norman Schroth
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

EILEEN A. GALLAGHER, J.:

{¶1} Phillip Morris appeals his sentence received in the Cuyahoga County Court of Common Pleas. Morris argues the trial court erred when it concluded that the offenses of felonious assault and aggravated riot were not allied offenses of similar import and when it failed to separately inform him of the postrelease control requirements for each of his two convictions. Finding no merit to this appeal, we affirm.

{¶2} This case arose from an incident that occurred on October 22, 2010. On that date, Morris was among a large group of individuals rioting in Cleveland Heights, Ohio. The riot began at 2100 Lee Road, where the group assaulted victim Nigeria Bowman. The fight spilled over to a service station at 2080 Lee Road where Morris and the group began to assault a male known as Malik. While the assault at the service station was occurring, the third victim, Michael Allen, approached and attempted to help Malik. However, Morris and the rest of the group turned on Allen and began to beat him. During the assault on Allen, the primary attacker, Maurice Pollard, moved the group out of the way, picked up an 11-pound landscaping stone and smashed Allen's skull. Allen suffered a fractured skull, a brain bleed and a broken leg.

{¶3} On February 4, 2011, a Cuyahoga County Grand Jury indicted Morris on two counts of kidnapping, one count of attempted murder, two counts of felonious

assault, one count of attempted felonious assault and three counts of aggravated riot. On June 17, 2011, Morris pleaded guilty to felonious assault, a second-degree felony, and aggravated riot, a fourth-degree felony; the state dismissed the remaining charges. As a condition of the plea, Morris agreed to cooperate with the state in its prosecution of codefendant Pollard.

{¶4} On August 5, 2011, the court sentenced Morris to six years on the charge of felonious assault and one year on the charge of aggravated riot to be served consecutively, for a total prison term of seven years. The court ordered restitution in the amount of $60,000 to be paid jointly and severally between Morris and his codefendants and he was advised that upon his release from prison, he would be subject to a mandatory term of three years of postrelease control.

{¶5} Morris appeals, raising the two assignments of error contained in the appendix to this opinion.

{¶6} In his first assignment of error, Morris argues that the trial court erred when it failed to merge the charges of felonious assault and aggravated riot for purposes of sentencing. We disagree.

{¶7} R.C. 2941.25 governs allied offenses and provides:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as

to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶8} In *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, the Ohio Supreme Court redefined the test for determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25. The *Johnson* court expressly overruled *State v. Rance*, 85 Ohio St.3d 632, 1999-Ohio-291, 710 N.E.2d 699, which required a "comparison of the statutory elements in the abstract" to determine whether the statutory elements of the crimes correspond to such a degree that the commission of one crime will result in the commission of the other.

{¶9} The *Johnson* court held that rather than compare the elements of the crimes in the abstract, courts must consider the defendant's conduct. *Id.* at syllabus. Specifically, the court found:

> In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), the question is whether it is possible to commit one offense *and* commit the other with the same conduct, not whether it is possible to commit one *without* committing the other.
> * * *
>
> If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., "a single act, committed with a single state of mind." *[State v.] Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, at ¶ 50. (Lanzinger, J., dissenting.)
>
> If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged.
>
> Conversely, if the court determines that the commission of one offense will *never* result in the commission of the other, or if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge.

(Emphasis sic.)    *Id*. at ¶ 48-51.

{¶10}    In the instant case, the trial court sentenced Morris to six years in prison on the charge of felonious assault, R.C. 2903.11(A)(1), and one year on the charge of aggravated riot, R.C. 2917.02(A)(2), to be served consecutively to each other.    R.C. 2903.11(A)(1) provides that "[n]o person shall knowingly * * * [c]ause serious physical harm to another * * *."    R.C. 2917.02(A)(2) provides that "[n]o person shall participate with four or more others in a course of disorderly conduct * * * [w]ith purpose to commit or facilitate the commission of any offense of violence * * *."

{¶11}    At the sentencing hearing, Morris argued that the counts merged because the same conduct led to the commission of both offenses. The trial court disagreed, finding that the aggravated riot was separate from the felonious assault.    The trial court stated:

> [Y]ou just heard allocution by the victim in this matter that there was a distinct pause after [Allen] was on the ground and things kind of broke up wherein [Pollard] picked up the landscaping rock and proceeded to use it on the victim.    * * *    [T]hat is the position of this Court, that these are separate and distinct acts and these were committed with a separate animus as there was, apparently, a pause and then a restart when [Pollard] picked up the landscaping rock.

{¶12}    We agree with the trial court.    Morris's conduct of participating in the riot was separate from his act of hitting Allen over the head with the rock.    As such, these offenses do not merge for purposes of sentencing.    R.C. 2941.25(B).    Further, this court upheld the decision not to merge the offenses of felonious assault and aggravated riot for Morris's codefendant Pollard.    *See State v. Pollard*, 8th Dist. No.

97166, 2012-Ohio-1196.

**{¶13}** Morris's first assignment of error is overruled.

**{¶14}** In his second assignment of error, Morris argues the trial court did not properly advise him of postrelease control. In particular, Morris alleges that the trial court was required to separately inform him of the postrelease control requirements for each of the two counts to which he pleaded guilty. This assignment of error lacks merit.

**{¶15}** At the sentencing hearing, the trial court advised Morris as follows:

Upon your release from prison, sir, you will be subject to post-release control, and that it is for a mandatory term of 3 years. If you violate the terms and conditions of your PRC, that judge can — the State of Ohio can give you an additional sentence of up to 9 months up to a maximum of 50 percent of your stated prison sentence.

If you commit a new felony while on post-release control, that judge can give you a sentence in that case and give you a back-to-back sentence of 1 year or whatever time is left on your PRC, whichever is greater as a maximum.

Finally, if you fail to report to your parole officer, you can be charged with

another felony called escape.

**{¶16}** Morris believes that the trial court should have imposed separate terms of postrelease control for each conviction. In so doing, Morris relies upon *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, and contends the trial court "grouped" the offenses and packaged them into one sentence by informing the defendant that his sentence included a three-year mandatory period of postrelease control. This is not the case. The trial court correctly imposed separate sentences for each offense.

Moreover, *Saxon* does not address the imposition of multiple periods of postrelease control but held that it is error for an appellate court to modify a sentence on a conviction that was not the subject of the appeal. *Id*.

{¶17} R.C. 2967.28(F)(4)(c) addresses the imposition of postrelease control in cases that involve multiple convictions and sentences as follows:

> (c) If an offender is subject to more than one period of post-release control, the period of post-release control for all of the sentences shall be the period of post-release control that expires last, as determined by the parole board or court. Periods of post-release control shall be served concurrently and shall not be imposed consecutively to each other.

{¶18} The statute precludes the court or the parole board from imposing more than one period of postrelease control in cases that involve multiple convictions. Accordingly, the trial court's imposition of a three-year term of postrelease control in the present case was proper. *See Durain v. Sheldon*, 122 Ohio St.3d 582, 2009-Ohio-4082, 913 N.E.2d 442; *State v. Orr*, 8th Dist. No. 96377, 2011-Ohio-6269.

{¶19} Morris's final assignment of error is overruled.

{¶20} The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said lower court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of

the Rules of Appellate Procedure.

_____

_____
EILEEN A. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
COLLEEN CONWAY COONEY, J., CONCUR


Appendix

Assignments of Error:

"I.    The Court erred in separately convicting Phillip Morris on allied offenses of similar import.

II.    The Court erred in sentencing by not explaining to Phillip Morris post release control as required by ORC 2967.28."