[Cite as *State v. Tharp*, 2017-Ohio-2750.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104216**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## HARRY THARP, JR.

DEFENDANT-APPELLANT

---

**JUDGMENT:**
APPLICATION DENIED

---

Cuyahoga County Court of Common Pleas
Case No. CR-15-598816-A
Application for Reopening
Motion No. 504499

**RELEASE DATE:** May 9, 2017

**FOR APPELLANT**

Harry Tharp, Jr.
Inmate No. A681-335
Grafton Correctional Institution
2500 S. Avon-Belden Road
Grafton, Ohio   44044


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By:   Gregory J. Ochocki
          John Farley Hirschauer
Assistant County Prosecutors
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

PATRICIA ANN BLACKMON, J.:

**{¶1}** Applicant Harry Tharp, Jr. has filed a timely application for reopening pursuant to App.R. 26(B). Tharp seeks to reopen the appellate judgment rendered in *State v. Tharp*, 8th Dist. Cuyahoga No. 104216, 2016-Ohio-8316, that affirmed Tharp's conviction and sentence for two counts of corrupting another with drugs and two counts of importuning. For the reasons that follow, we deny Tharp's application.

**{¶2}** Tharp alleges that his appellate counsel was ineffective for failing to challenge the trial court's imposition of postrelease control. The record reflects, however, that Tharp's appointed appellate counsel was permitted to withdraw after filing a brief under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and that Tharp filed his own pro se assignments of error. Generally, a reopening of an appeal under App.R. 26(B) is not available to a defendant who chooses to file pro se assignments of error. *See, e.g.*, *State v. Tyler*, 71 Ohio St.3d 398, 643 N.E.2d 1150 (1994); *State v. Boone*, 114 Ohio App.3d 275, 279, 683 N.E.2d 67 (7th Dist.1996); and *State v. Hurt*, 8th Dist. Cuyahoga No. 96032, 2012-Ohio-4268. Indeed, the scope of App.R. 26(B) is limited to a claim of ineffective assistance of appellate counsel, and a defendant who represents himself on appeal cannot later argue his own ineffectiveness in an application to reopen under App.R. 26(B). *See State v. Perotti*, 8th Dist. Cuyahoga No. 73743, 1998 Ohio App. LEXIS 5962 (Dec. 10, 1998), *reopening disallowed*, 2005-Ohio-2175.

**{¶3}** Moreover, even if Tharp's application was not barred by his self-representation, his proposed assignment of error fails on the merits and therefore cannot support a "colorable claim of ineffective assistance of counsel on appeal" as required under App.R. 26(B)(5). *State v. Spivey*, 84 Ohio St.3d 24, 25, 701 N.E.2d 696 (1998). According to Tharp, his appointed appellate counsel should have argued that the trial court improperly notified him regarding the term of postrelease control for the two counts of corrupting another with drugs. Tharp contends that the trial court's notification of a five-year period of postrelease control was wrong because the corrupting another with drugs charge is subject to only three years of postrelease control. This argument is misplaced.

**{¶4}** Pursuant to R.C. 2967.28(F)(4)(c), if a defendant may be subject to multiple terms of postrelease control, "the period of post-release control for all of the sentences shall be the period of post-release that expires last, as determined by the parole board or court. Periods of post-release control shall be served concurrently and shall not be imposed consecutively to each other." Relying on this statutory language, "Ohio appellate courts have held that trial courts are permitted only to impose one term of post-release control even when the defendant has been convicted of multiple felony offenses." *State v. Brown*, 2d Dist. Montgomery No. 25653, 2014-Ohio-2551, ¶ 23, citing *State v. Orr*, 8th Dist. Cuyahoga No. 96377, 2011-Ohio-6269, ¶ 50; *State v. Reed*, 2012-Ohio-5983, 983 N.E.2d 394, ¶ 12 (6th Dist.).

**{¶5}** Here, the record reflects that the trial court properly notified Tharp that he was subject to a mandatory five-year period of postrelease control. Apart from the corrupting another with drugs counts, Tharp also pled guilty to two counts of importuning in violation of R.C. 2907.07(B)(1) (fifth-degree felony sex offenses). Under R.C. 2967.28(B)(1), a five-year term of postrelease control is mandatory for a felony sex offense. *State v. Smith*, 6th Dist. Sandusky No. S-14-037, 2015-Ohio-1867, ¶ 9. Thus, in ordering the imposition of a five-year postrelease control term, the trial court had no obligation to impose shorter terms for the remaining offenses. *Brown* at ¶ 23; *see also State v. Morris*, 8th Dist. Cuyahoga No. 97215, 2012-Ohio-2498, ¶ 18 (recognizing that the trial court's imposition of a single term of postrelease control was proper and that R.C. 2967.28(F)(4)(c) precludes the court or the parole board from imposing more than one period of postrelease control in cases that involve multiple convictions).

**{¶6}** Accordingly, the application for reopening is denied.

_____
PATRICIA ANN BLACKMON, JUDGE

LARRY A. JONES, SR., P.J., and
MARY EILEEN KILBANE, J., CONCUR