[Cite as *State v. Makin*, 2017-Ohio-8569.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104010**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**HAKEEN K. MAKIN**

DEFENDANT-APPELLANT

**JUDGMENT:**
APPLICATION DENIED

Cuyahoga County Court of Common Pleas
Case No. CR-15-594103-A
Application for Reopening
Motion No. 509162

**RELEASE DATE:**   November 13, 2017

**FOR APPELLANT**

Hakeen Makin
Inmate No. A683089
Marion Correctional Institution
P.O. Box 57
Marion, Ohio   43301


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By:   Daniel T. Van
Assistant County Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio   44113

ANITA LASTER MAYS, P.J.:

{¶1} Hakeen Makin has filed a timely application for reopening pursuant to App.R. 26(B). Makin seeks to reopen the appellate judgment rendered in *State v. Makin*, 8th Dist. Cuyahoga No. 104010, 2017-Ohio-2649, that affirmed his convictions and sentence for multiple drug-related offenses. For the reasons that follow, we decline to reopen Makin's appeal.

## A. Standard of Review

{¶2} The appropriate standard to determine whether a defendant has received ineffective assistance of appellate counsel is the two-pronged analysis found in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *State v. Were*, 120 Ohio St.3d 85, 2008-Ohio-5277, 896 N.E.2d 699, ¶ 10. Applicant "must prove that his counsel [was] deficient for failing to raise the issues he now presents and that there was a reasonable probability of success had he presented those claims on appeal." *Id.,* quoting *State v. Sheppard*, 91 Ohio St.3d 329, 330, 744 N.E.2d 770 (2001). Applicant "bears the burden of establishing that there was a 'genuine issue' as to whether he has a 'colorable claim' of ineffective assistance of counsel on appeal." *State v. Spivey*, 84 Ohio St.3d 24, 25, 701 N.E.2d 696 (1998).

{¶3} In *Strickland*, the United States Supreme Court ruled that judicial scrutiny of an attorney's work must be highly deferential. The court noted that it is all too tempting for a defendant to second-guess his lawyer after conviction and that it would be all too easy for a court, examining an unsuccessful defense in hindsight, to conclude that a particular act or omission was deficient. Therefore,

a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

*Strickland* at 689.

**{¶4}** With this standard in mind, we turn to the arguments raised by Makin.

**B. Arguments Not Meritorious**

**{¶5}** Makin raises three proposed assignments of error in support of his application to reopen his direct appeal. Having reviewed the arguments in light of the record, we hold that Makin cannot satisfy either prong of the *Strickland* test. We must, therefore, deny the application on the merits.

*1.     Imposition of postrelease control*

**{¶6}** In his first proposed assignment of error, Makin argues that his appellate counsel was ineffective in failing to challenge his sentence as to the imposition of postrelease control. According to Makin, the trial court failed to properly impose separate terms of postrelease control for each conviction, thereby rendering his sentence void. This argument, however, lacks merit.

**{¶7}** Under R.C. 2967.28(F)(4)(c), if a defendant may be subject to multiple terms of postrelease control, "the period of post-release control for all of the sentences shall be the period of post-release that expires last, as determined by the parole board or court. Periods of post-release control shall be served concurrently and shall not be imposed consecutively to each other." Relying on this statutory language, "Ohio appellate courts have held that trial courts are permitted only to impose one term of post-release control even when the defendant has been convicted of multiple felony offenses." *State v. Brown*, 2d Dist. Montgomery No. 25653, 2014-Ohio-2551, ¶ 23, citing *State v. Orr*, 8th Dist. Cuyahoga No. 96377, 2011-Ohio-6269, ¶ 50; *State v. Reed*, 2012-Ohio-5983, 983 N.E.2d 394, ¶ 12 (6th Dist.); *see also State v. Tharp*, 8th

Dist. Cuyahoga No. 104216, 2016-Ohio-8316, *reopening disallowed*, 2017-Ohio-2750, ¶ 3- 5 (rejecting the exact argument raised by *Makin*).

{¶8} The record reflects that the trial court properly notified Makin that he was subject to a mandatory five-year period of postrelease control. Among Makin's multiple convictions, he was convicted of trafficking in violation of R.C. 2925.03(A)(2), a first-degree felony. Under R.C. 2967.28(B)(1), a five-year term of postrelease control is mandatory for a felony of the first degree. Therefore, in ordering the imposition of a five-year postrelease control term, the trial court had no obligation to impose shorter terms for the remaining offenses. *Tharp* at ¶ 5, citing *State v. Morris*, 8th Dist. Cuyahoga No. 97215, 2012-Ohio-2498, ¶ 18 (recognizing that the trial court's imposition of a single term of postrelease control was proper and that R.C. 2967.28(F)(4)(c) precludes the court or the parole board from imposing more than one period of postrelease control in cases that involve multiple convictions).

{¶9} Because this proposed assignment of error has no merit, appellate counsel cannot be deemed ineffective in refraining from raising it.

*2. Fabricated Evidence*

{¶10} In his second and third proposed assignments of error, Makin argues that the prosecutor presented "fabricated evidence," which his trial counsel should have challenged and that his appellate counsel should have raised assignments of error relating to prosecutorial misconduct and ineffective assistance of counsel. Makin argues that the prosecutor lied about the confidential informant being fitted with "two separate devices" as opposed to just one recording device. Makin further contends that the prosecutor coerced the CI to commit perjury as to the recording devices and that the prosecutor introduced a "fabricated" audio-recording. But our review of the record does not support Makin's argument.

{¶11} The record reflects that the state presented several exhibits evidencing the meetings and controlled buys, which included both audio and video recordings, spanning from March through July 2014. The authenticity or admissibility of these exhibits, including the recording that Makin now challenges, were not questioned at trial. The record, however, does not reveal any grounds to challenge the recording. Indeed, the CI directly testified as to the recording that Makin challenges. We find no basis to support Makin's claim that the prosecutor "fabricated" evidence. Moreover, Makin's argument fails to demonstrate any prejudice that would support an ineffective assistance of appellate counsel. Accordingly, we find appellate counsel was not ineffective in refusing to raise such a baseless argument.

{¶12} Application denied.

_____

ANITA LASTER MAYS, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
PATRICIA ANN BLACKMON, J., CONCUR