[Cite as *State v. Tolson*, 2023-Ohio-3734.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2022-CA-31 |
| | : | |
| v. | : | Trial Court Case No. 2018CR0692 |
| | : | |
| RUSSELL W. TOLSON | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on October 13, 2023

. . . . . . . . . . .

ADAM JAMES STOUT, Attorney for Appellant

MEGAN A. HAMMOND, Attorney for Appellee

. . . . . . . . . . . .

LEWIS, J.

{¶ 1} Defendant-Appellant Russell W. Tolson appeals from a judgment filed after a resentencing hearing in the Greene County Common Pleas Court. For the following reasons, we vacate the May 16, 2022 judgment of the trial court.

### I. Facts and Procedural History

**{¶ 2}** On September 13, 2018, Tolson was charged by way of bill of information with one count of sexual battery, in violation of R.C. 2907.03(A)(2), a felony of the third degree. That same day, Tolson entered a negotiated guilty plea to the offense as charged, understanding that he would be classified as a Tier III sex offender and be subject to a mandatory period of post-release control ("PRC") for five years. While the State agreed to recommend a prison term of four years, Tolson was free to argue for any sentence.

**{¶ 3}** On December 13, 2018, Tolson was sentenced to a prison term of 48 months and ordered to register as a Tier III sex offender. Tolson was advised that he would be required to serve a mandatory five-year term of PRC upon his release from prison and was informed that, as a potential consequence of violating a condition of PRC, he could be sent back to prison for up to one-half of the original prison term. That same day, a judgment entry was issued reflecting the above-described sentence with the exception that the mandatory term of PRC was listed as three years, not five years. Neither party appealed from the December 13, 2018 judgment entry.

**{¶ 4}** On May 12, 2022, the trial court issued a notice for a hearing on a "motion for resentencing," although no motion for resentencing had been filed. On May 16, 2022, a resentencing hearing was held at which the trial court re-imposed Tolson's sentence as stated at the original sentencing hearing and "corrected" the mandatory term of PRC to five years. A new judgment entry was filed on May 16, 2022, reflecting the correct PRC as a mandatory term of five years. It is from this judgment that Tolson appeals.

**{¶ 5}** Initially, Tolson's appointed appellate counsel filed a brief pursuant to *Anders*

*v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that counsel could not find any non-frivolous issues on appeal. Following our *Anders* review, we found at least one non-frivolous issue regarding whether the trial court had complied with any necessary statutory requirements to justify the resentencing hearing or even whether the resentencing hearing was permissible. Consequently, we set aside counsel's *Anders* brief and appointed new counsel.

{¶ 6} Tolson now raises two assignments of error related to his resentencing. Tolson first requests this Court to vacate the May 16, 2022 judgment entry, because the resentencing was barred by the doctrine of res judicata and the trial court failed to comply with R.C. 2929.191(C). Alternatively, Tolson argues in his second assignment of error that the resentencing hearing was void because there was no motion filed before the trial court to invoke a hearing under Crim.R. 47. The State agrees that res judicata barred the trial court from resentencing Tolson but argues that neither R.C. 2929.191(C) nor Crim.R. 47 apply. We agree the May 16, 2022 judgment entry should be vacated, but for reasons other than those suggested by either party.

## II.    Analysis

{¶ 7} Beginning in 1996 with the comprehensive revision of Ohio's Criminal Code that occurred as a result of Am.Sub.S.B.No. 2, felony offenders sentenced to prison were no longer placed on parole but were subject to a period of supervision called "post-release control" by the adult parole authority ("APA") upon their release from prison. *Woods v. Telb*, 89 Ohio St.3d 504, 508, 733 N.E.2d 1103 (2000). "Post-release control" means a period of supervision by the APA after a prisoner's release from imprisonment, other than

under a term of life imprisonment, that includes one or more PRC sanctions imposed under R.C. 2967.28. R.C. 2967.01(N). R.C. 2967.28 created a statutory scheme to impose PRC on qualifying offenders sentenced to prison, specified whether the PRC imposed by the parole board would be mandatory or discretionary, and identified the length of time the PRC term would last depending on the nature and level of offense for which the defendant had been convicted. Although the applicable statutes, including R.C. 2967.28 and 2929.19, have been renumbered and amended over the years, the substantive requirements of notification have essentially stayed the same. Accordingly, trial courts are required to inform felony offenders at the sentencing hearing that they either *will* be supervised or that they *may* be supervised under R.C. 2967.28 upon their release from prison. R.C. 2929.19(2)(d) and (e). Additionally, trial courts are required to inform felony offenders at the sentencing hearing that, if a period of supervision is imposed following their release from prison and the offender violates that supervision or a condition of PRC, the parole board may impose a prison term, as part of the sentence, of up to one-half of the prison term originally imposed. R.C. 2929.19(B)(2)(f).

{¶ 8} Early on, the Supreme Court advised that a trial court was required to notify offenders at the sentencing hearing of their PRC requirements and was required to incorporate the PRC notifications into the judgment entry. *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 22, *overruled on other grounds by State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248. More recently, the Ohio Supreme Court has advised that "to validly impose [PRC] when the court orally provides all the required advisements at the sentencing hearing, the sentencing entry must contain

the following information: (1) whether [PRC] is discretionary or mandatory, (2) the duration of the [PRC] period, and (3) a statement to the effect that the Adult Parole Authority * * * will administer the [PRC] pursuant to R.C. 2967.28 and that any violation by the offender of the conditions of [PRC] will subject the offender to the consequences set forth in that statute." *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, ¶ 1, *overruled on other grounds by Harper*. The question that repeatedly arose and, unfortunately, continues to arise is what to do when the trial court errs in notifying the offender of PRC at the time of sentencing or when the court fails to include that information in the sentencing entry.

{¶ 9} In *Jordan*, the Supreme Court advised that, because the trial court must statutorily provide notice of PRC at the sentencing hearing, failure to do so resulted in a sentence that was contrary to law and therefore void. Where a sentence was void, the proper remedy was to resentence the defendant. *Jordan* at ¶ 23, citing *State v. Beasley*, 14 Ohio St.3d 74, 471 N.E.2d 774 (1984). The case law that followed clarified that, because a void sentence was treated as though no sentence had been entered, the sentence could be corrected at any time prior to the expiration of the journalized entry so long as the trial court provided a de novo sentencing hearing. *Harper* at ¶ 30-31.

{¶ 10} Shortly after *Jordan*, the Ohio Supreme Court again considered the effect of a trial court's failure to properly impose PRC in *Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301. In *Hernandez*, following a resentencing hearing, the trial court failed to notify Hernandez that he would be subject to PRC and failed to incorporate a period of PRC into its judgment entry. *Id*. at ¶ 4. Nevertheless, upon his

release from prison, Hernandez was placed on PRC, which he then violated. Due to the PRC violations, the APA imposed a prison term and ordered supervision to continue upon his release. Hernandez filed a writ of habeas corpus upon his return to prison. *Id.* at ¶ 7. In deciding to grant a writ, the Supreme Court held that the APA "was not authorized to put Hernandez on [PRC] and sanction him for violating the terms of that control in the absence of appropriate notification of [PRC] by the trial court and incorporation of [PRC] in its sentencing entry." *Id.* at ¶ 32. Furthermore, because Hernandez had completed his prison sentence, PRC could not be corrected, and the only proper remedy was to grant the writ and release him. *Id.*

{¶ 11} In response to *Hernandez*, the General Assembly enacted Am.Sub.H.B. 137, which added a new related statute, R.C. 2929.191, which became effective July 11, 2006. *State v. Clark*, 2d Dist. Clark No. 2012-CA-16, 2013-Ohio-299, ¶ 17, 19. The statute compelled a trial court to hold a hearing before a corrected sentencing entry could be issued and set forth specific requirements that had to be satisfied both prior to and during the hearing. R.C. 2929.191(C). Although the statute was intended to apply to all offenders subject to PRC, the Ohio Supreme Court held that the procedures established in R.C. 2929.191 to correct errors in the imposition of PRC were not retroactive and only applied to sentences imposed on and after the effective date, July 11, 2006. *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, paragraph two of the syllabus. Thus, for sentences that were imposed prior to the statute's effective date, trial courts were to continue using the previous procedures, namely, finding that the sentence was void and subject to a de novo sentencing hearing.

*Id.* at paragraph one of the syllabus. Accordingly, which procedure applied depended upon whether the offender had been sentenced before or after July 11, 2006.

**{¶ 12}** Subsequent cases challenged the voidness doctrine that applied to errors that arose in the imposition of PRC. For example, in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, the Supreme Court held that "[a] sentence that does not include the statutorily mandated term of [PRC] is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack." *Id.* at paragraph one of the syllabus, *overruled by Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248. However, *Fischer* further held that if the error was in the imposition of PRC, then only that portion of the sentence was void, and the new sentencing hearing was limited solely to the proper imposition of PRC; res judicata still applied to other aspects of the merits of a conviction. *Id.* at paragraphs two and three of the syllabus. Likewise, a sentencing hearing held pursuant to R.C. 2929.191 to correct errors in the imposition of PRC was limited solely to the proper imposition of PRC. *State v. Minkner*, 194 Ohio App.3d 694, 2011-Ohio-3106, 957 N.E.2d 829 (2d Dist.).

**{¶ 13}** In 2020, the Court decided *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, in which it addressed the interplay between the imposition of PRC and a void judgment. In 2013, Harper pleaded guilty to a third-degree felony. At his sentencing hearing, Harper was sentenced to three years in prison and a mandatory three-year term of PRC upon his release from prison. *Id.* at ¶ 7-8. Harper was orally informed at his sentencing hearing of the consequences of violating PRC, but that notice

was not incorporated into the judgment entry.   *Id.*   Neither Harper nor the State filed a direct appeal.

{¶ 14} In 2017, Harper was released from prison and placed on PRC, which he subsequently violated.   After he was charged with violating his PRC, Harper attempted to vacate that portion of his sentence, claiming that it was void because the judgment entry had failed to comply with the Court's requirement in *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, that notice of the failure to comply with PRC must be contained in the judgment entry to be enforced.   *Harper* at ¶ 9.   The trial court denied Harper's motion to vacate, and he appealed.   The Tenth District Court of Appeals affirmed the denial of Harper's motion to vacate but remanded the matter to the trial court and ordered the court to enter a nunc pro tunc entry to correct the error.   *Id.* at ¶ 10.

{¶ 15} The Ohio Supreme Court accepted the case for review.   In reviewing the history of its jurisprudence involving sentencing errors, the Court attempted to "realign [the Court's] precedent in cases involving the imposition of [PRC] with the traditional understanding of what constitutes a void judgment."   *Id.* at ¶ 4.   In so doing, the Court held that "[w]hen a case is within a court's subject-matter jurisdiction and the accused is properly before the court, any error in the exercise of that jurisdiction in imposing [PRC] renders the court's judgment voidable, permitting the sentence to be set aside if the error has been successfully challenged on direct appeal."   *Id.*

{¶ 16} In Harper's case, the trial court had had subject-matter jurisdiction and Harper had been properly before the court.   Therefore, "[a]ny error in imposing the [PRC] sanction in his sentence was an error in the exercise of the trial court's jurisdiction that

could have been objected to at trial and may have been reversible error on direct appeal." *Id.* at ¶ 41. Notably, if a judgment is merely voidable, not void, the doctrine of res judicata bars a party from raising and litigating in any proceeding, except a direct appeal of that judgment, claims that were raised or could have been raised in the trial court. *State v. Perry*, 10 Ohio St.2d 175, 178-180, 226 N.E.2d 104 (1967). Accordingly, the Court held that, because Harper's sentencing error involving PRC had been voidable, not void, he could have raised his argument to correct PRC on direct appeal. His failure to do so, however, precluded him from raising it later due to the doctrine of res judicata. *Harper* at ¶ 41.

{¶ 17} The Ohio Supreme Court reaffirmed this holding in *State v. Hudson*, 161 Ohio St.3d 166, 2020-Ohio-3849, 161 N.E.3d 608, and *State v. Bates*, 167 Ohio St.3d 197, 2022-Ohio-475, 190 N.E.3d 610. As in *Harper*, the judgment entry in *Hudson* did not include notice of the consequences of violating PRC, in violation of *Grimes*. *Hudson* at ¶ 3. The Court reiterated that "the failure to include notice of the consequences of violating [PRC] as required by *Grimes* renders the sentence voidable, not void, and subject to the doctrine of res judicata." *Id.* at ¶ 2, citing *Harper* at ¶ 41. Accordingly, "[a] sentence is void when the sentencing court lacks jurisdiction over the subject-matter of the case or personal jurisdiction over the accused. When the sentencing court has jurisdiction to proceed to judgment, sentencing errors in imposing [PRC] render the sentence voidable, not void, and the doctrine of res judicata will apply to collateral attacks on it." *Id.* at ¶ 17.

{¶ 18} In *Bates*, though the transcript of the sentencing hearing was not included

in the record, it was uncontested that the trial court had failed to include in the original judgment entry a statement that PRC was mandatory and that a violation of PRC would subject Bates to the consequences set forth in R.C. 2967.28. *Bates* at ¶ 1. Ten years after his original sentencing, and while he was still serving his sentence, the court held a classification hearing on Bates' sexual-predator status. In the midst of the hearing, the prosecutor raised an issue concerning the lack of PRC notifications. *Id.* at 4. The trial court advised Bates of his PRC obligations and journalized them in a new sentencing entry, from which Bates appealed.

{¶ 19} The Supreme Court in *Bates* reaffirmed the holdings in *Harper* and *Hudson* that "[a]n attack on a trial court's imposition of [PRC] in a sentence must be brought on direct appeal or it will be barred by res judicata." *Id.* at ¶ 32. The issue in *Bates*, however, focused on whose burden it was to raise the PRC error on direct appeal. Because the trial court's error in imposing the PRC portion of the sentence was to Bates's benefit, the Court held that the State had been the aggrieved party and, therefore, it had been the State's burden to challenge the trial court's error on direct appeal. *Id.* at ¶ 22.

{¶ 20} In this case, Tolson was sentenced for his conviction of a felony sex offense. Therefore, at the December 13, 2018 sentencing hearing, the trial court was required to inform Tolson that he would be subject to a mandatory term of PRC supervision for a five-year period upon his release from prison. R.C. 2929.19(B)(2)(d); R.C. 2967.28(B)(1).

{¶ 21} When this Court conducted its *Anders* review, the record did not include the transcript from the December 13, 2018 sentencing hearing. Following the appointment of new counsel and subsequent briefing, the record was supplemented with a copy of the

December 13, 2018 sentencing transcript. The transcript revealed that the trial court had correctly imposed a mandatory term of five years PRC at the December 13, 2018 sentencing hearing and had informed Tolson of the possible consequences of violating PRC. Thus, the only error was in the trial court's judgment entry, which erroneously stated that Tolson was subject to a mandatory *three* years of PRC instead of *five* years.

{¶ 22} Because Tolson was charged with a felony, the common pleas court was the proper forum for trying his case, and it had both subject-matter jurisdiction over the case and personal jurisdiction over the parties. *See* Article IV, Section 4(B), Ohio Constitution; R.C. 2931.03; and *Harper,* 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, at ¶ 23-26. Relying on *Harper* and its progeny, both Tolson and the State suggest that res judicata applied to prevent the trial court from resentencing Tolson to correct the PRC in its judgment entry. We disagree.

{¶ 23} In 2022, two years after *Harper* was decided, the Ohio Supreme Court decided *State ex rel. Randlett v. Lynch*, 168 Ohio St.3d 568, 2022-Ohio-3260, 200 N.E.3d 236. In *Randlett*, the defendant was convicted in four different cases with an total of more than 60 felony offenses that had occurred over the span of several years. One of the four cases did not involve PRC, as the offenses were committed prior to when PRC became part of Ohio's sentencing scheme. *Id.* at ¶ 3. But because Randlett was convicted of felony sex offenses in each of the other three cases, he was subject to a mandatory five-year term of PRC. *Id.* at ¶ 4. Two of those cases presented situations in which Randlett had been properly informed of PRC at the sentencing hearing, but the judgment entry had not adequately reflected the PRC notifications. Prior to Randlett's

release from prison, the State had requested that the court issue nunc pro tunc entries to correct the PRC errors, which it did. Randlett then filed an original action in the court of appeals seeking a writ of mandamus to compel the trial court to vacate the nunc pro tunc entries. *Id.* at ¶ 9.

{¶ 24} The Tenth District Court of Appeals held that Randlett had not shown a clear legal right to relief in mandamus and denied the writ. Randlett appealed to the Ohio Supreme Court, which accepted the case for review. *Id.* at ¶ 9-10.

{¶ 25} Randlett argued that "the trial court's failure in 2003 to issue *Grimes*-compliant sentencing entries benefited him and that the state therefore was the party that had to appeal. In fact, he argue[d] that under *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, and *State v. Hudson*, 161 Ohio St.3d 166, 2020-Ohio-3849, 161 N.E.3d 608, a direct appeal by the state was the *only* way to correct the trial court's error." (Emphasis sic.) *Id.* at ¶ 14. The Supreme Court rejected Randlett's argument and distinguished his case in a significant way.

{¶ 26} According to the Court, because the trial court gave the statutorily required notice at Randlett's original 2003 sentencing hearing, the trial court was permitted to correct the errors in its judgment entries with nunc pro tunc entries. *Id.* at ¶ 15, citing *Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718; Crim.R. 36. The Court explained: "In *Bates*, we concluded that res judicata barred the state from collaterally attacking a sentence and from seeking a *new* sentencing entry imposing [PRC]. * * * Here, in contrast, the state did not collaterally attack Randlett's sentence; a proper nunc pro tunc entry is not a collateral attack on the judgment it corrects." (Emphasis sic.) *Id.* at

¶ 16.

{¶ 27} Randlett further argued that under *Harper*, the trial court was prohibited from issuing nunc pro tunc entries, because res judicata applied and the State did not challenge the error on direct appeal. The Court also rejected this argument, explaining that *Harper* did not prohibit issuing a nunc pro tunc entry to correct a clerical error. *Id.* at ¶ 17-18. Although not mentioned specifically by the Court, we note that in both *Bates* and *Harper*, the cases could not have been remanded to the respective trial courts to issue a corrected nunc pro tunc entry or conduct a R.C. 2929.191 hearing because both defendants had been released from prison by the time the Ohio Supreme Court decided the cases. *Bates* at ¶ 28; *Harper* at ¶ 8. In *Randlett*, on the other hand, the trial court issued nunc pro tunc entries prior to his release from prison and, therefore, the entries were valid.

{¶ 28} Based on these most recent decisions from the Ohio Supreme Court, we conclude that the trial court's sole avenue to correct Tolson's sentencing entry error was through a nunc pro tunc entry, not through a resentencing hearing. Trial courts lack authority to reconsider their own valid final judgments in criminal cases subject to two exceptions under which the trial court retains continuing jurisdiction. *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18-19. A trial court retains jurisdiction to correct a void sentence or to correct clerical errors in judgments. *Id.* at ¶ 19. An error in the imposition of PRC does not render the judgment void but merely voidable such that res judicata applies when the error is not raised on direct appeal. *Harper* at ¶ 41. But "when a trial court properly notifies a defendant about

[PRC] at the sentencing hearing but fails to incorporate those advisements into the sentencing entry, it may correct the omission as a clerical mistake under Crim.R. 36, to reflect the notice that was in fact given at the hearing." *Randlett*, 168 Ohio St.3d 568, 2022-Ohio-3260, 200 N.E.3d 236, at ¶ 15, citing *Qualls* at ¶ 24, 30. In these situations, "[t]he original sentencing entry can be corrected to reflect what actually took place at the sentencing hearing, through a nunc pro tunc entry, as long as the correction is accomplished prior to the defendant's completion of his prison term." *Qualls* at ¶ 24.

{¶ 29} Under *Randlett* and *Qualls*, Tolson's sentencing entry error could have been corrected with a nunc pro tunc entry prior to his release from prison. Had the trial court erred in imposing the PRC term at the time of the sentencing hearing, the parties would have been correct that res judicata applied, since neither party challenged the error in a direct appeal. But because the PRC error was merely clerical, res judicata would not have prevented the trial court from correcting the error with a nunc pro tunc entry prior to Tolson's release from prison. *Randlett* at ¶ 15-16.

{¶ 30} Although neither party contends that the trial court's May 16, 2022 judgment entry should be construed as a nunc pro tunc entry, for purposes of clarity we expressly conclude that it cannot reasonably be considered a proper nunc pro tunc entry. *See Cruzado* at ¶ 20, fn.1, *overruled on other grounds by Harper* (error in PRC in judgment entry was not treated as a clerical error by the judge when he held a resentencing hearing before entering the new judgment entry). "Crim.R. 36(A) permits trial courts to correct clerical mistakes in judgments or orders arising from oversight or omissions, using a nunc pro tunc entry." (Citation omitted.) *State v. Roach*, 2d Dist. Montgomery No. 23317,

2010-Ohio-566, ¶ 3. " 'Nunc pro tunc' means 'now for then' and is commonly defined as '[h]aving retroactive legal effect through a court's inherent power.' * * * Therefore, a nunc pro tunc entry by its very nature applies retrospectively to the judgment it corrects." (Citation omitted.) *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, ¶ 19.

{¶ 31} The May 16, 2022 judgment entry was not issued to correct the clerical error that occurred in the December 13, 2018 judgment entry, but to correct the court's perceived erroneous sentence and reflect what had happened at the May 16, 2022 resentencing hearing. This is emphasized by the de novo proceedings conducted on May 16, 2022.

{¶ 32} Because the May 16, 2022 judgment entry did not constitute a nunc pro tunc entry, the next question for us consider is whether the May 16, 2022 judgment entry was otherwise valid. The trial court did not identify under what legal basis it was holding the resentencing hearing, but the parties suggest two possibilities: Crim.R. 47 and R.C. 2929.191.

### a. Crim.R. 47

{¶ 33} With regard to Tolson's second assignment of error, both Tolson and the State agree that the resentencing hearing was not properly held pursuant to Crim.R. 47. We agree.

{¶ 34} Crim.R. 47 does not specifically authorize a trial court to correct a sentence, nor does it grant a trial court the ability to sua sponte hold a hearing. Rather, it dictates the form that motions in criminal matters must take when filed in the trial court. Crim.R.

47 states in relevant part that:

> An application to the court for an order shall be by motion. A motion, other than one made during trial or hearing, shall be in writing unless the court permits it to be made orally. It shall state with particularity the grounds upon which it is made and shall set forth the relief or order sought. It shall be supported by a memorandum containing citations of authority, and may also be supported by an affidavit.

**{¶ 35}** In this case, no motion requesting a resentencing hearing was filed by either party. Nor is there any indication in the record that an opportunity occurred wherein the trial court would have permitted a Crim.R. 47 motion to be made orally for a resentencing hearing. Rather, it appears the trial court sua sponte decided to hold the hearing and, therefore, Crim.R. 47 was inapplicable. Accordingly, we sustain Tolson's second assignment of error.

### b. R.C. 2929.191

**{¶ 36}** The parties also addressed whether the trial court could have held the resentencing hearing pursuant to R.C. 2929.191. While Tolson suggests that the trial court could have utilized the procedural remedy in R.C. 2929.191, he argues that the trial court failed to comply with the necessary statutory requirements in order for the May 16, 2022 judgment entry to be valid. The State, on the other hand, contends that R.C. 2929.191 did not apply to the facts at hand, because Tolson did not fall into one of the three enumerated categories of defendants to whom R.C. 2929.191 applies.

**{¶ 37}** R.C. 2929.191 applies to offenders "who have not yet been released from

prison and who fall into at least one of three categories: those who did not receive notice at the sentencing hearing that they would be subject to [PRC], those who did not receive notice that the parole board could impose a prison term for a violation of [PRC], or those who did not have both of these statutorily mandated notices incorporated into their sentencing entries." *Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, at ¶ 23. R.C. 2929.191(C) requires the trial court to hold a hearing, limited to correcting the errors in PRC, prior to issuing a new sentencing entry. The rationale for holding a new hearing to correctly impose PRC is that the court did not properly impose PRC in the first place, and the defendant had either no notice or inadequate notice of all the requirements of PRC. *Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, at ¶ 23. But where a trial court properly notifies a defendant about PRC at the sentencing hearing, the defendant had been put on notice of all the PRC requirements. Consequently, if the trial court erroneously omits that information from the judgment entry, that is merely a clerical mistake and may be corrected by a nunc pro tunc entry pursuant to Crim.R. 36 prior to the defendant's release from prison. *Randlett*, 168 Ohio St.3d 568, 2022-Ohio-3260, 200 N.E.3d 236, at ¶ 15. A proper nunc pro tunc entry does not create a new judgment entry and is not a collateral attack on the judgment it corrects, because it relates back to the original judgment entry "so that the record speaks the truth." *Id*. at ¶ 16, quoting *Qualls* at ¶ 13.

{¶ 38} In this case, Tolson was orally advised at his original sentencing hearing that he would be subject to a mandatory term of PRC upon his release from prison. He was further informed that if he violated any of the conditions of PRC, the parole board

could impose a prison term, as part of the sentence, of up to one-half of the prison term originally imposed. Tolson's judgment entry reflected the same notifications. Thus, Tolson did not fall into one of the three designated categories identified in *Singleton*. The only error was in the judgment entry insofar as it included the wrong length of time for which Tolson was required to remain on PRC. As established in *Randlett* and *Qualls*, this error did not mandate a hearing such as that which is required for R.C. 2929.191, and a nunc pro tunc entry would have been adequate.

{¶ 39} We are mindful that this Court has previously reversed and remanded cases for a R.C. 2929.191 hearing when a nunc pro tunc entry would have sufficed. S*ee e.g.*, *State v. Marriott*, 189 Ohio App.3d 98, 2010-Ohio-3115, 937 N.E2d 614 (2d Dist.) (reversing and remanding case for a R.C. 2929.191 hearing where the defendant was properly notified of the mandatory five-year term of PRC at sentencing, but the judgment entry stated he would face "up to a maximum" of five years of PRC). However, based on the state of the current case law, we conclude that R.C. 2929.191 did not apply in this case because, absent a direct appeal, a nunc pro tunc entry would have been the sole proper remedy. Thus, although well intentioned, the trial court's attempt to correct its mistake by having a resentencing hearing was misguided. Tolson's first assignment of error is sustained.

{¶ 40} While agreeing that this Court should vacate the May 16, 2022 sentencing entry, the State asks this Court to "reinstate the December 13, 2018 sentencing, including the imposition of five (5) years mandatory post[-]release control." Brief of Appellant, p. 9. Because we sustain Tolson's first assignment of error, albeit for other reasons, we

will vacate the May 16, 2022 judgment entry, which, in effect, reinstates the December 13, 2018 judgment entry. However, we will not correct the December 13, 2018 judgment entry to reflect the five-year mandatory term of post-release control. Under similar circumstances, the May 16, 2022 judgment entry would be vacated and the trial court ordered to issue a nunc pro tunc entry to correct the clerical error. However, we take judicial notice that Tolson has been released from prison on the charge underlying this appeal. *See* https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A749902 (accessed August 18, 2023); *see also* Appellant's Brief, p. 6. Pursuant to *Qualls*, the trial court can no longer issue a nunc pro tunc entry to correct the PRC portion of Tolson's judgment entry, because it cannot be "accomplished prior to the defendant's completion of his prison term." *Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, at ¶ 24.

**{¶ 41}** Finally, the State also asks this Court to waive the costs of this appeal completely or, in the alternative, to order the parties to share the costs equally. The State argues that because "the State did not create the error" from which Tolson appeals, "the interests of justice do not support the State bearing full responsibility for the costs of this appeal." Brief of Appellee, p. 10. Tolson did not file a reply brief and therefore did not address the State's request.

**{¶ 42}** App.R. 24 permits this Court to award costs as provided by law or as this Court may order. If the judgment appealed "is affirmed or reversed in part or is vacated," it is in this Court's discretion to decide which party is liable for costs. App.R. 24(A)(4). The State is correct in that it did not create the error from which Tolson appeals. It is

equally true that Tolson did not create it.   But in this instance, Tolson appealed from the trial court's erroneous resentencing entry, which resulted in the judgment being vacated. Whether or not it was the State's fault, Tolson's appeal was successful.   Accordingly, we deny the State's request and order the State to pay the costs.

### III.   Conclusion

{¶ 43} Having sustained Tolson's assignments of error, we will vacate the May 16, 2022 judgment entry of the trial court, which effectively reinstates the December 13, 2018 judgment entry as imposing Tolson's sentence.   Judgement vacated.

. . . . . . . . . . . . .


TUCKER, J. and EPLEY, J., concur.