[Cite as *State v. Baker*, 2024-Ohio-3015.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 113457 |
| v. | : | |
| DAVID BAKER, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED
**RELEASED AND JOURNALIZED:** August 8, 2024

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-14-587786-B

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney and Anthony T. Miranda, Assistant Prosecuting Attorney, *for appellee.*

The Law Office of Timothy Farrell Sweeney and Timothy F. Sweeney, *for appellant.*

MARY J. BOYLE, J.:

{¶ 1} Defendant-appellant, David Baker ("Baker"), appeals the trial court's denial of his motion requesting a one document, final appealable order of a resentencing entry from August 22, 2019. Under the unique facts of this case, and

for the reasons set forth below, we find that the trial court lacked jurisdiction to hold the 2019 resentencing hearing, which renders Baker's appeal moot. Accordingly, we vacate the August 22, 2019 judgment of the trial court.

## I. Facts and Procedural History

{¶ 2} On October 20, 2014, Baker pled guilty to Count 1, aggravated murder with a three-year firearm specification, Counts 8-10, felonious assault with accompanying three-year firearm specifications, Count 13, intimidation of crime victim or witness, and Count 17, having weapons while under disability. The trial court imposed a sentence of life in prison with parole eligibility after serving 30 years on the aggravated murder count, consecutive to two, three-year firearm specifications, and consecutive to 12 months in prison on the having weapons while under disability count. The trial court also imposed prison sentences on the remaining counts to be served concurrently to the aggravated murder count for a total of 37 years to life in prison. The trial court ordered a "mandatory three-year post release control" for all counts except the aggravated murder count, which requires lifetime parole. The sentencing entry, filed on October 22, 2014, reflected this sentence.

{¶ 3} Baker pursued a direct appeal, raising the issues of jail-time credit and the failure to merge allied offenses in *State v. Baker*, 2015-Ohio-3232, ¶ 7 (8th Dist.). This court rejected those arguments and affirmed Baker's convictions. *Id.* at ¶ 27. Baker filed a petition for postconviction relief in June 2015, which the trial court denied in December 2015. Baker did not appeal from this order.

{¶ 4} Nearly four years later, in June 2019, Baker filed a pro se motion asking for a final appealable order asserting that the original sentencing entry failed to reflect the correct period of postrelease control ("PRC") on Count 17, which he argued made the judgment void. The State opposed the motion, however, suggested that the court resentence Baker because Count 17 required the imposition of a discretionary term of three years of PRC, not a mandatory term as originally sentenced.

{¶ 5} On August 22, 2019, the trial court held a limited resentencing hearing at which time it orally imposed the sentence of three years of discretionary PRC on Count 17. The trial court then issued a journal entry on August 22, 2019, which correctly reflected the prison and PRC sentences with respect to Count 17. This entry did not repeat the sentence previously imposed on the other counts. Baker did not appeal from the 2019 resentencing entry.

{¶ 6} Four years later, on September 5, 2023, Baker filed a pro se "motion for one document (journal entry) final appealable order," asking the trial court to issue a new sentencing entry that incorporated the original sentences on Count 1, 8, 9, 10, and 13 with the sentence imposed at the resentencing on Count 17. The trial court denied that motion. This court granted Baker's motion for delayed appeal from the trial court's order of September 13, 2023, denying Baker's motion for one document final appealable order. Baker raises one assignment of error for review:

> The trial court committed reversible error of law when it failed to issue, at Appellant's request, a final judgment entry from the trial court's voluntarily conducted 2019 resentencing proceeding which both (a)

complies with the requirements of the one document rule, and (b) accurately states that the judgment entry is, indeed, a nunc pro tunc entry which corrects the judgment originally entered on October 22, 2014, as required by applicable law including R.C. 2929.191(C).

## II. Law and Analysis

{¶ 7}    Neither party contests the validity of 2019 resentencing hearing in the wake of *State v. Harper*, 2020-Ohio-2913 and its progeny.[1]  Baker contends that he raised the improper imposition of PRC in 2019 when the law permitted either party to raise the issue at any time before Baker was released from prison.  The State asserts that even after *Harper*, PRC can be corrected in a resentencing hearing pursuant to R.C. 2929.191.  Essentially, both parties assert that the trial court had jurisdiction under R.C. 2929.191 to hold a resentencing hearing in 2019.  We disagree.

{¶ 8}    As an initial matter, we must address whether the trial court had jurisdiction to hold the 2019 resentencing hearing.  It is axiomatic that a court must have jurisdiction over the parties and the subject matter of a case to issue a valid judgment.  *State v. Matthews*, 2019-Ohio-3018, ¶ 7 (6th Dist.), citing *Mantho v. Bd. of Liquor Control*, 162 Ohio St. 37, 40 (1954).  Any judgment entered without jurisdiction is void and must be vacated.  *Id.*, citing *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 75, 1998-Ohio-275.  "If a court acts without jurisdiction, then any proclamation by that court is void." *Suster* at *id.*

---

[1] Cases specific to PRC include *Harper, State v. Hudson*, 2020-Ohio-3849, and *State v. Bates*, 2022-Ohio-475.

{¶ 9} "Trial courts lack authority to reconsider their own valid final judgments in criminal cases subject to two exceptions under which the trial court retains continuing jurisdiction." *State v. Tolson*, 2023-Ohio-3734, ¶ 28 (2d Dist.), citing *State ex rel. Cruzado v. Zaleski*, 2006-Ohio-5795, ¶ 18-19. "A trial court retains jurisdiction to correct a void sentence or to correct clerical errors in judgments." *Id.*, citing *Zaleski* at ¶ 19.

{¶ 10} "The legislature enacted R.C. 2929.191 in response to the Ohio Supreme Court's cases holding that the failure of the trial court to properly impose [PRC] rendered that part of the sentence void. That line of cases has now been overruled, but the statute is still in place."[2] *State v. Harris*, 2022-Ohio-3310, ¶ 22 (1st Dist.); *see also State v. Barnette*, 2020-Ohio-6817 (7th Dist.). Nevertheless, R.C. 2929.191 only applies to offenders "who have not yet been released from prison and who fall into at least one of three categories: those who did not receive notice at the sentencing hearing that they would be subject to [PRC], those who did not receive notice that the parole board could impose a prison term for a violation of [PRC], or those who did not have both of these statutorily mandated notices

---

[2] In *Harper*, the Ohio Supreme Court held that an error in the imposition of PRC no longer renders the judgment void but merely voidable such that res judicata applies when the error is not raised on direct appeal. *Id.* at ¶ 41. In *Hudson*, the Ohio Supreme Court found a sentencing entry that did not include the notice of consequences of violating PRC could have been raised on direct appeal and, therefore, was precluded by res judicata. *Id.* at ¶ 17. The *Hudson* Court applied *Harper* even though the sentencing error at issue predated the Supreme Court's issuance of the *Harper* decision. Then in *Bates*, the Ohio Supreme Court reaffirmed the holdings in *Harper* and *Hudson* stating that "[a]n attack on a trial court's imposition of [PRC] in a sentence must be brought on direct appeal or it will be barred by res judicata." *Id.* at ¶ 32.

incorporated into their sentencing entries." *Tolson* at ¶ 37, quoting *State v. Singleton*, 2009-Ohio-6434, at ¶ 23. R.C. 2929.191(C) requires the trial court to hold a hearing, limited to correcting the errors in PRC, prior to issuing a new sentencing entry. The rationale for holding a new hearing to correctly impose PRC is that the court did not properly impose PRC in the first place, and the defendant had either no notice or inadequate notice of all the requirements of PRC. *Id.*, citing *State v. Qualls*, 2012-Ohio-1111, ¶ 23.

{¶ 11} Both parties agree that Baker was advised that he was subject to three years of mandatory PRC for counts 8-10, 13 and 17 at the 2014 sentencing hearing, as well as the consequences of violating PRC, and that the same was set forth in the journal entry. Further, Counts 8-10, and 13, did in fact, require a mandatory three years of PRC; however, Count 17 was actually discretionary. Based on this perceived flaw, the trial court conducted a resentencing hearing. However, as explained in *State v. Parker*, 2018-Ohio-3677 (8th Dist.), the 2019 resentencing hearing was unnecessary because

> [t]his court has previously rejected the argument that a trial court is required to impose separate terms of postrelease control for each individual offense. *See State v. Davis*, 8th Dist. Cuyahoga No. 104574, 2018-Ohio-1147, ¶ 69-70; *State v. Makin*, 8th Dist. Cuyahoga No. 104010, 2017-Ohio-8569, ¶ 6-8; *State v. Byrd*, 8th Dist. Cuyahoga No. 98037, 2012-Ohio-5728, ¶ 3-33; *State v. Orr*, 8th Dist. Cuyahoga No. 96377, 2011-Ohio-6269, ¶ 46-50; *State v. Morris*, 8th Dist. Cuyahoga No. 97215, 2012-Ohio-2498, ¶ 16-18; *see also State v. Reed*, 2012-Ohio-5983, 983 N.E.2d 394, ¶ 12 (6th Dist.) ("[T]he sentencing court only has the duty in multiple offense cases to notify the defendant of and impose the longest term of postrelease control applicable under R.C. 2967.28(B). * * * [T]he trial court need not announce at the sentencing hearing nor include in the sentencing judgment the applicable

postrelease control sanction for each individual offense * * *.").  As this court has explained, R.C. 2967.28(F)(4)(c) "precludes the court or parole board from imposing more than one period of postrelease control in cases that involve multiple convictions."  *See Davis* at ¶ 70; *see also* R.C. 2967.28(F)(4)(c), ("If an offender is subject to more than one period of postrelease control, the period of postrelease control for all of the sentences shall be the period of postrelease control that expires last, as determined by the parole board or court.  Periods of postrelease control shall be served concurrently and shall not be imposed consecutively to each other.").

Because the trial court was not required to impose separate terms of PRC for each individual offense, and the trial court properly imposed the mandatory three years of PRC for one of the offenses as required, the mistake in Count 17 was of no consequence and did not require resentencing.  Therefore, we find that Baker's situation does not fall under any of the three categories set forth in R.C. 2929.191.  Since R.C. 2929.191 did not apply, the trial court was without jurisdiction to hold the 2019 resentencing hearing.  Further, this was not a correction of a clerical mistake.  Consequently, any judgment rendered without jurisdiction is void and must be vacated.

{¶ 12}  Accordingly, Baker's sole assignment of error is overruled as moot.

## III.  Conclusion

{¶ 13}  We do not reach the issues raised in this appeal because the trial court lacked jurisdiction to hold the August 22, 2019 resentencing hearing since Baker's PRC sentence does not fall under any of the three categories set forth in R.C. 2929.191.  Consequently, the August 22, 2019 journal entry is void as are all subsequent rulings.

**{¶ 14}** Accordingly, the August 22, 2019 judgment is vacated.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

EILEEN A. GALLAGHER, P.J., and
SEAN C. GALLAGHER, J., CONCUR