[Cite as *State v. Burton*, 2025-Ohio-650.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,           :

                              No. 114052

    v.                            :

SHON BURTON, JR.,                       :

    Defendant-Appellant.          :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED AND REMANDED
**RELEASED AND JOURNALIZED:** February 27, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-24-688093-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Maalaea Newell, Assistant Prosecuting Attorney, *for appellee.*

Brian A. Smith Law Firm, LLC and Brian A. Smith, *for appellant.*

LISA B. FORBES, P.J.:

{¶ 1} Shon Burton, Jr. ("Burton") appeals the trial court's journal entry sentencing him to six years in prison. After reviewing the facts of the case and

pertinent law, we affirm the trial court's decision and remand to the trial court for the issuance of a nunc pro tunc entry.

## I.     Facts and Procedural History

{¶ 2}    On January 4, 2024, Burton was involved in a physical altercation with victim, Tykeisha Upshaw, at his home.  Later, while Upshaw was sitting in a vehicle, Burton shot a firearm multiple times in the direction of the vehicle.

{¶ 3}    Resulting from these events, on May 15, 2024, Burton pled guilty to an amended Count 1 of the indictment, attempted felonious assault, a third-degree felony and violation of R.C. 2923.02 and 2903.11(A)(2), Count 4, discharge of firearm on or near prohibited premises, a third-degree felony and violation of R.C. 2923.162(A)(3), an amended Count 5, attempted having weapons while under disability, a fourth-degree felony and violation of R.C. 2923.02 and 2923.13(A)(2), and Count 6, domestic violence, a first-degree misdemeanor and violation of R.C. 2919.25(A).

{¶ 4}    On May 22, 2024, the trial court sentenced Burton to three years in prison for Count 1, two years in prison for Count 4, and 18 months in prison for Count 5.  Count 6 merged with Count 1 for purposes of sentencing. The State elected to sentence Burton on Count 1.  The court also sentenced Burton to a mandatory one year in prison for the firearm specification on Count 4, to be served consecutively to the sentence on that count.  The court ordered the sentences on Counts 1 and 4 to run consecutively to one another, and concurrently to Count 5, for a total sentence of six years in prison.

{¶ 5} Burton appeals, raising the following assignments of error:

1. The trial court's imposition of consecutive sentences upon Appellant was not supported by the record.

2. The portion of the trial court's sentence, imposing a mandatory minimum of one year and up to three years of postrelease control on Count Five, was contrary to law.

## II. Law and Analysis

### A. First Assignment of Error — Consecutive Sentencing

{¶ 6} Ohio's sentencing statutes presume that a defendant's multiple prison sentences will be served concurrently unless the trial court makes the required findings to support consecutive sentences under R.C. 2929.14(C)(4). R.C. 2929.41(A); *State v. Jones*, 2024-Ohio-1083, ¶ 11; *State v. Reindl*, 2021-Ohio-2586, ¶ 14 (8th Dist.); *State v. Gohagan*, 2019-Ohio-4070, ¶ 28 (8th Dist.). "[T]o impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry . . . ." *State v. Bonnell*, 2014-Ohio-3177, ¶ 37. Pursuant to R.C. 2929.14(C)(4), the court must find that consecutive sentences are "necessary to protect the public from future crime or to punish the offender"; "not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public"; and at least one of the following three factors:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction . . ., or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single

prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 7} Here, Burton asserts that the trial court erred in imposing consecutive sentences because its findings were not supported by the record. Specifically, Burton argues the record did not support the court's finding that consecutive sentences were necessary to protect the public from future crime or to punish him. We disagree.

{¶ 8} This court "may increase, reduce, or otherwise modify a sentence . . . or may vacate the sentence and remand the matter to the sentencing court for resentencing" if "it *clearly and convincingly finds* . . . that the *record does not support* the sentencing court's findings under . . . (C)(4) of section 2929.14." (Emphasis in original.) *State v. Gwynne*, 2023-Ohio-3851, ¶ 12.

> R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, or otherwise modify consecutive sentences only if the record does not "clearly and convincingly" support the trial court's R.C. 2929.14(C)(4) consecutive-sentence findings. The clear-and-convincing standard for appellate review in R.C. 2953.08(G)(2) is written in the negative.

*Id.* at ¶ 13.

{¶ 9} The record supported the imposition of consecutive sentences. At the sentencing hearing, the trial court had before it a presentence-investigation report, which detailed Burton's extensive criminal history, and heard from Burton. Burton's criminal history included convictions for similar crimes. In 2018, Burton

pled guilty to offenses including aggravated menacing. In 2019, Burton pled guilty to several more offenses, including attempted felonious assault, carrying concealed weapons, and aggravated menacing.

{¶ 10} Burton told the court that, while serving his prior prison sentence, he obtained a culinary-arts degree. He stated that he found a job as a chef after being released from prison. Burton also admitted that he was on postrelease control for prior offenses when he committed the crimes now at issue. Burton expressed remorse for his crimes, stating, "I just want to say I'm apologetic. I changed truly and I really found God where I sit at right now." Counsel for Burton represented to the court that Burton had been cooperative with law enforcement and had family support, particularly from his father.

{¶ 11} At the sentencing hearing, the trial court made the initial findings required by R.C. 2929.14(C)(4). The court stated, "[A] consecutive sentence becomes necessary in the Court's judgment to protect the public from future crime by you, and also to punish you. These consecutive sentences are not disproportionate to the seriousness of your conduct or the danger that you pose to the public."

{¶ 12} The trial court also made findings under R.C. 2929.14(C)(4)(a), (b), and (c) before imposing consecutive sentences. Regarding R.C. 2929.14(C)(4)(a), the court stated, "[Y]ou committed these crimes while you were under Post-Release Control for another offense." The court then found, under R.C. 2929.14(C)(4)(b), that "at least two of these multiple offenses were committed as part of a course of

conduct by you that day, and the harm caused was great enough and unusual enough that no single prison term for any of the offenses committed as part of the course of conduct adequately reflect the seriousness of your conduct." Lastly, under R.C. 2929.14(C)(4)(c), the court found that "your history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crimes by you."

{¶ 13} In assessing whether the record supports the trial court's findings, R.C. 2953.08(F) requires this court to review the entire trial court record, including any oral or written statements made to or by the trial court at the sentencing hearing, and any presentence, psychiatric, or other investigative report that was submitted to the court in writing before the sentence was imposed. R.C. 2953.08(F)(1) through (4); *Jones*, 2024-Ohio-1083, at ¶ 12; *see also State v. Keith*, 2024-Ohio-1591, ¶ 10 (8th Dist.) (applying *Jones*) ("We review the entire record and consider whether it does not clearly and convincingly support the trial court's consecutive-sentence findings.").

{¶ 14} We find that the record here, reviewed in its entirety, supports imposing consecutive sentences. Burton committed the crimes currently at issue while he was still under postrelease control for a prior offense. Burton has a history of crimes involving firearms and violence. In 2018, Burton pled guilty to attempted obstructing official business, criminal damaging, and aggravated menacing. In 2019, Burton pled guilty to failure to comply with an order or signal of a police officer, attempted felonious assault, receiving stolen property, carrying concealed

weapons, and aggravated menacing. This information supports the trial court's findings under R.C. 2929.14(C)(4)(a) and (c). Because R.C. 2929.14(C)(4) permits consecutive sentences where the record supports any one of these findings, we decline to address whether the record also supported the court's R.C. 2929.14(C)(4)(b) findings. Burton fails to demonstrate that his consecutive sentence is clearly and convincingly not supported by the record.

{¶ 15} Based on the foregoing, Burton's first assignment of error is overruled.

## B. Second Assignment of Error — Postrelease Control

{¶ 16} In his second assignment of error, Burton asserts that the trial court unlawfully imposed mandatory minimum one year, up to three years of postrelease control on Count 5. Burton argues, for this offense, the journal entry should have specified a discretionary postrelease-control period of up to two years. We disagree.

{¶ 17} In cases involving multiple offenses, trial courts impose only the longest applicable period of postrelease control. "This court has previously rejected the argument that a trial court is required to impose separate terms of postrelease control for each individual offense." *State v. Thompson*, 2020-Ohio-671, ¶ 29 (8th Dist.), citing *State v. Davis*, 2018-Ohio-1147, ¶ 69-70 (8th Dist.); *State v. Makin*, 2017-Ohio-8569, ¶ 6-8 (8th Dist.); *State v. Byrd*, 2012-Ohio-5728, ¶ 3-33 (8th Dist.); *State v. Orr*, 2011-Ohio-6269, ¶ 46-50 (8th Dist.); *State v. Morris*, 2012-Ohio-2498, ¶ 16-18 (8th Dist.); *see also State v. Reed*, 2012-Ohio-5983, ¶ 12 (6th Dist.). ("[T]he [sentencing] court only has the duty in multiple offense cases to

notify the defendant of and impose the longest term of postrelease control applicable under R.C. 2967.28(B). [T]he trial court need not announce at the sentencing hearing nor include in the sentencing judgment the applicable postrelease control sanction for each individual offense . . . .”). This court has explained that R.C. 2967.28(F)(4)(c) “precludes the court or parole board from imposing more than one period of postrelease control in cases that involve multiple convictions.” *Thompson* at ¶ 29; *see also* R.C. 2967.28(F)(4)(c) (“If an offender is subject to more than one period of postrelease control, the period of postrelease control for all of the sentences shall be the period of postrelease control that expires last, as determined by the parole board or court. Periods of postrelease control shall be served concurrently and shall not be imposed consecutively to each other.”).

{¶ 18} At Burton’s sentencing hearing, the trial court properly imposed a mandatory term of one year, up to three years of postrelease control. R.C. 2967.28(B) provides for postrelease control of “up to three years, but not less than one year” for third-degree felonies of violence that are not sex offenses. Burton pled guilty to attempted felonious assault, a third-degree felony under R.C. 2903.11. Attempted felonious assault is an offense of violence under R.C. 2901.01(A)(9)(d). Therefore, the trial court was required to sentence Burton to a mandatory term of one year, up to three years of postrelease control. The court did so at the hearing, stating, “[B]e reminded that when you leave prison you will be supervised by the Parole Board on Post-Release Control, and that Post-Release Control will be a mandatory period of one year but it can last all the way up to three years.” At the

hearing, in line with *Thompson*, the court did not designate a postrelease-control period for each separate offense.

{¶ 19} However, the journal entry states that postrelease control was imposed on each of the offenses. This does not comport with the court's notification of postrelease control at Burton's sentencing hearing, during which the court did not designate a period of postrelease control for each count. Nonetheless, the court did impose at the hearing and in the journal entry a term of one year, up to three years of postrelease control on Burton's attempted felonious-assault conviction. As discussed above, this was the proper sentence.

{¶ 20} Accordingly, we remand this case to the trial court to correct the journal entry. "When the notification of postrelease control was properly given at the sentencing hearing, the essential purpose of notice has been fulfilled and there is no need for a new sentencing hearing to remedy the flaw." *State v. Qualls*, 131 Ohio St.3d 499, 505 (2012). "The original sentencing entry can be corrected to reflect what actually took place at the sentencing hearing, through a nunc pro tunc entry." *Id.* The court properly notified Burton at sentencing of his mandatory term of one year, up to three years of postrelease control. As such, to correct the error in the journal entry, the trial court shall issue a nunc pro tunc entry that comports with its statements at the sentencing hearing. The nunc pro tunc entry shall impose a single "one year, up to three years" period of postrelease control for Burton's attempted felonious-assault conviction. No postrelease control should be reflected in Burton's sentences for his other offenses.

{¶ 21} Based on the foregoing, Burton's second assignment of error is sustained. Case remanded to the trial court to issue a nunc pro tunc entry.

{¶ 22} Judgment affirmed. The case is remanded to the trial court for issuance of a nunc pro tunc entry.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for issuance of a nunc pro tunc entry and for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LISA B. FORBES, PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
DEENA R. CALABRESE, J., CONCUR